632 A.2d 309

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Alan BORGER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 2, 1993.

Filed Oct. 12, 1993.

William P. Wismer, Asst. Public Defender, Allentown, for appellant.

Robert L. Steinberg, Dist. Atty., Allentown, for Com., appellee.

Before OLSZEWSKI, JOHNSON and HUDOCK, JJ.

HUDOCK, Judge:

In this appeal we are asked to determine whether a trial court retains discretion to reinstate the post-verdict motions of

a defendant whose motions were dismissed after he became a fugitive, once he is returned to the jurisdiction of that court before an appeal is filed. After a careful review of precedent, we find that the trial court retains such discretion. Thus, we reverse and remand.

The facts of the present case are simple and undisputed. A jury convicted Appellant of first degree murder. Immediately thereafter, it imposed a sentence of life imprisonment. Timely post-verdict motions were filed, and the court ordered a transcript of the proceedings. Before a hearing was held on these motions, Appellant escaped from the county prison and committed the additional offenses of robbery, theft, and criminal conspiracy. While Appellant was still at large, the Commonwealth filed a motion to quash the appeal, which the trial court treated as a petition to dismiss Appellant's post-verdict motions, and the trial court granted the motion, thereby dismissing Appellant's post-verdict motions with prejudice.[1] Subsequently, Appellant was apprehended and returned to the trial court's jurisdiction. He then filed a motion requesting the court to reinstate his post-verdict motions. Counsel for the Commonwealth and Appellant entered into a written stipulation of facts. Citing recent cases decided by this Court and our Supreme Court, the trial court denied Appellant's petition. This appeal followed.

> Appellant concedes that our Supreme Court has stated:
> A defendant's voluntary escape acts as a per se forfeiture of his right of appeal, where the defendant is a fugitive at any time after post-trial proceedings commence. Such a forfeiture is irrevocable and continues despite the defendant's capture or voluntary return to custody. Thus, by choosing to flee from justice, appellant has forever forfeited his right to appeal.

*Commonwealth v. Jones,* 530 Pa. 536, 541, 610 A.2d 439, 441 (1992). This Court has also recently reiterated the principle that a trial court must dismiss a defendant's post-verdict

---

1. Appellant does not challenge the propriety of this dismissal of his post-verdict motions.

motions once he becomes a fugitive from justice. *See generally, Commonwealth v. Lines,* 415 Pa.Super. 438, 609 A.2d 832 (1992), *affirmed,* 532 Pa. 662, 616 A.2d 983. Appellant nevertheless contends that a trial court retains discretion to reinstate the post-verdict motions which it had dismissed while a defendant was a fugitive, once that defendant is apprehended and an appeal had not been taken. Appellant then claims that, because the trial court in the present case believed it was powerless to reinstate the motions, this Court should either reinstate his post-verdict motions or remand the matter to the trial court for reconsideration. We are constrained to agree with Appellant's claim and therefore remand the matter for the trial court to consider, in the exercise of its discretion, whether Appellant's post-verdict motions should be reinstated.[2]

In the present case, the trial court overlooked the distinction between the forfeiture of appellate rights and the reinstatement of post-verdict motions. In *Commonwealth v. Boyd,* 244 Pa.Super. 98, 366 A.2d 934 (1976), a panel of this Court held that a trial court may, in an exercise of its discretion, refuse to reinstate post-trial review where the motions originally filed on a defendant's behalf were dismissed in his absence. In *Commonwealth v. Clark,* 300 Pa.Super. 315, 446 A.2d 633 (1982), *cert. den.,* 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990), this Court likewise affirmed the trial court's refusal to reinstate post-trial motions as a proper exercise of discretion.

Most recently, in *Commonwealth v. Chopak,* 532 Pa. 227, 615 A.2d 696 (1992), the defendant failed to appear for a scheduled psychiatric evaluation and argument on post-verdict motions. Thus, the post-verdict motions were denied without further consideration. Upon defendant's return to the court's jurisdiction, he was required to undergo the psychiatric evaluation. As a result of the evaluation, the defendant was diagnosed as suffering from a paranoid personality disorder. Thereafter, he petitioned for a reinstatement of his post-

---

2. We note that we are without authority to reinstate Appellant's post-verdict motions.

verdict motions *nunc pro tunc,* claiming that that disorder was the sole reason he absconded. The motion was denied, and an appeal was taken to this Court. This Court reversed, in a memorandum opinion, and, among other things, ordered the defendant's post-verdict motions reinstated. Our Supreme Court reversed this determination, finding that the trial court did not abuse its discretion in refusing to reinstate the defendant's post-verdict motions once he was returned to the jurisdiction of the court.

In reaching its determination, the high court stated that the decision to grant or deny a *nunc pro tunc* motion lies within the sound discretion of the trial court. Thus, because the trial court fully considered the defendant's legal responsibility for having fled the jurisdiction and his competency to stand trial, our Supreme Court found that the trial court did not abuse its discretion in refusing to reinstate the defendant's post-verdict motions.

In his concurring opinion in *Chopak,* Justice Larsen states that the recent Supreme Court decisions in *Jones, supra,* and *Commonwealth v. Judge,* 530 Pa. 403, 609 A.2d 785 (1992), expanded and broadened the holding in *Commonwealth v. Passaro,* 504 Pa. 611, 476 A.2d 346 (1984) by unequivocally stating that the defendant's voluntary escape operates as a *per se,* irrevocable forfeiture *of the right to appeal* if the defendant absconds at any time after post-trial proceedings commence. While these cases may be read as stating that Appellant has forfeited his right to appeal to this Court,[3] their holdings do not state that Appellant has likewise automatically forfeited his right to request the trial court to reinstate and consider

---

3. We note that Appellant refers to the rationale of the United States Supreme Court in *Ortega–Rodriguez v. United States,* —— U.S. ——, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), as providing various factors that the trial court should use when reconsidering his petition to reinstate post-verdict motions. Appellant himself concedes that *Ortega* discusses the appellate quashal of an appeal of a former fugitive, that is, a defendant who, like Appellant, had escaped and was recaptured prior to invoking the jurisdiction of the appellate tribunal. While this recent decision seemingly conflicts with current state precedent, *see e.g., Commonwealth v. Lines, supra,* this argument is premature since the instant case does not involve an appeal.

post-verdict motions. As precedent establishes, this decision rests within the sound discretion of the trial court. *Commonwealth v. Boyd, supra; Commonwealth v. Clark, supra; Commonwealth v. Chopak, supra.*

In the present case, Appellant had originally filed post-verdict motions in arrest of judgment and for new trial raising two boilerplate sufficiency claims and fifty-four alleged bases for new trial. Because the trial court based its decision to dismiss Appellant's petition for reinstatement of post-verdict motions, without further consideration, upon case law involving forfeiture of appellate rights, and we cannot discern that the trial court realized it had discretion to reconsider them, we remand so that the trial court can exercise its discretion to determine whether or not Appellant's motions should be reinstated and determined on their merits.

Order reversed. The matter is remanded for proceedings consistent with this opinion. Jurisdiction relinquished.