682 A.2d 329

**COMMONWEALTH of Pennsylvania**

v.

**Alan D. BORGER, Appellant.**

Superior Court of Pennsylvania.

Argued May 22, 1996.

Filed Aug. 13, 1996.

Glenn M. Goodge, Assistant Public Defender, Allentown, for appellant.

Michael P. McIntyre, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before BECK, KELLY and BROSKY, JJ.

KELLY, Judge:

In this appeal, we are called upon to determine whether the trial court abused its discretion by denying appellant's, Allen Dale Borger's, petition to reinstate his post-verdict motions which had been dismissed following his escape from the Lehigh County Prison while his post-verdict motions had been pending before the trial court. We hold that the trial court did not abuse its discretion by refusing to reinstate appellant's post-verdict motions based upon its finding that there were no meritorious circumstances in connection with appellant's escape and later apprehension that warranted the reinstatement of his post-verdict motions. Hence, we affirm the trial court's order denying reinstatement of appellant's post-verdict motions.

The relevant facts and procedural posture of the present case are simple and undisputed. On December 4, 1991, a jury convicted appellant of first degree murder.[1] The following day, the court imposed a sentence of life imprisonment due to the jury's failure to agree during death-penalty deliberation. Appellant filed timely post-verdict motions. These motions were later dismissed due to appellant's escape from prison.[2]

Approximately one month after appellant's recapture and four months after his murder conviction, appellant petitioned the trial court to reinstate his post-verdict motions. The trial court denied that request, and appellant appealed from that

1. 18 Pa.C.S.A. § 2502(a).

2. Appellant concedes the propriety of this dismissal. *See* Appellant's Brief at 10. In the course of his escape, appellant committed additional offenses of theft, robbery, escape and criminal conspiracy, for which he received an additional thirteen-and-a-half to twenty-seven years imprisonment. *See* Appellant's Brief at 5.

order. This Court remanded the matter to the trial court because it appeared that the trial court was unaware that it had the discretion to reinstate appellant's motions. *See Commonwealth v. Borger,* 429 Pa.Super. 209, 212–13, 632 A.2d 309, 311 (1993), *allocatur denied,* 539 Pa. 642, 651 A.2d 531 (1994). On remand, the trial court denied appellant's petition, noting in particular the absence of any "meritorious circumstances in connection with this defendant's escape and his later apprehension that should give rise to reinstating his post-trial motions." (Trial Court Opinion, filed October 11, 1995, at 7–8). This timely appeal followed.

On appeal, appellant raises the following issue for our review:

WHETHER THE COURT COMMITTED ERROR AND ABUSE OF DISCRETION IN REFUSING TO REINSTATE THE APPELLANT'S POST–VERDICT MOTIONS?

Appellant's Brief at 3.

### A. *Standard of Review*

■ When post-verdict motions are properly dismissed because the defendant is a fugitive, we review a trial court order declining to reinstate those motions for abuse of discretion. *See Commonwealth v. Chopak,* 532 Pa. 227, 232, 615 A.2d 696, 699 (1992); *Commonwealth v. Borger, supra* at 210–11, 632 A.2d at 310; *Commonwealth v. Clark,* 300 Pa.Super. 315, 318, 446 A.2d 633, 634 (1982), *cert. denied,* 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990); *Commonwealth v. Boyd,* 244 Pa.Super. 98, 100, 366 A.2d 934, 935 (1976); *cf. In the Interest of J.J.,* 540 Pa. 274, 288, 656 A.2d 1355, 1362 (1995) (holding that Supreme Court will review for abuse of discretion an intermediate appellate court's decision whether to consider the merits of or reinstate an appeal filed by a defendant who has been returned to custody after an escape); *Commonwealth v. Rodriguez,* 448 Pa.Super. 60, 61–63, 670 A.2d 678, 679 (1996) (holding that the decision whether to entertain the appeal of a fugitive once returned lies within this Court's discretion).

No case law known to this Court states expressly what factors must guide the trial court's exercise of such discretion.[3] In *Commonwealth v. Chopak, supra,* a defendant's post-trial motions were properly dismissed while he was a fugitive. After his recapture, defendant filed a motion *nunc pro tunc* for reconsideration of his post-verdict motions. The defendant claimed that by virtue of his personality disorder, he was not responsible for having fled. *See Commonwealth v. Chopak, supra* at 230, 615 A.2d at 698. The trial court denied the motion, and we reversed. *See id.* The Pennsylvania Supreme Court held that our reversal was error because the trial court had fully considered defendant's proffered excuse for his flight. *See id.* at 232, 615 A.2d at 699. Instantly, appellant does not contest the validity of the original dismissal of his post-verdict motions, *see* Appellant's Brief at 10, and the trial court refused to reinstate because it found no meritorious excuse for appellant's escape. (*See* Trial Court Opinion at 7–8).

Our Supreme Court addressed a similar issue in *Commonwealth v. Passaro,* 504 Pa. 611, 476 A.2d 346 (1984). In that case, petitioner escaped during the pendency of an appeal before this Court. We quashed petitioner's appeal because he was a fugitive. Upon recapture, petitioner conceded the validity of the original quashal but requested reinstatement of his appeal. We declined to reinstate the appeal. *See id.* at 613–14, 476 A.2d at 347–48. The Supreme Court affirmed, stating:

> [P]etitioner does not question the propriety of the dismissal of his appeal on the ground of his fugitive status. He argues, however, that since he has been apprehended and

---

**3.** Justice Cappy would hold that "an appeal may be reinstated in the court's discretion if ... the fugitive-appellant can show a compelling reason for having his claim heard." *Commonwealth v. Kindler,* 536 Pa. 228, 242, 639 A.2d 1, 8 (1994) (Cappy, J. concurring). Then Justice Flaherty, now Chief Justice, and Justice Zappala "would go somewhat further perhaps and require that a compelling reason of the *most extraordinary nature* be present before the post-verdict motions of an ex-fugitive may be reinstated." *Id.* at 243, 639 A.2d at 9 (Flaherty, J., concurring, with Zappala, J., joining). Justice Castille continues to hold that flight operates as a *per se* forfeiture of the right to judicial review. *See Commonwealth v. Huff,* 540 Pa. 535, 539, 658 A.2d 1340, 1342 (1995) (Castille, J., dissenting).

returned to the jurisdiction of the court his appeal should now be reinstated. Petitioner maintains that if the unresponsiveness of a fugitive to the court's judgment is the main reason why his appeal is quashed, it is illogical to refuse to reinstate the appeal once the defendant is back within the control and jurisdiction of the court, and that the only basis for such a refusal is to punish the escape. We find this argument unpersuasive. The fact that a defendant is subsequently recaptured provides no basis for disturbing an order dismissing his appeal. . . . It would be unseemly to permit a defendant who has rejected the appellate process in favor of escape to resume his appeal merely because his escape proved unsuccessful.

Close examination of appellant's argument demonstrates that his position is flawed. . . . He does not challenge the fact that his escape justified the initial quashing of the appeal. Thus the question is not whether he should be stripped of his right of appeal because of his escape, but rather whether his apprehension, which he in no way intentionally assisted, should entitle him to rights already forfeited. We can ascertain no reason in logic or any policy which would support such a conclusion.

*Id.* at 616–17, 476 A.2d at 349 (citations omitted). The Supreme Court recently reaffirmed this reasoning, citing it with approval. *See In the Interest of J.J., supra* at 280, 656 A.2d at 1358. In light of the reasoning in *Commonwealth v. Chopak, supra, Commonwealth v. Passaro, supra,* and *In the Interest of J.J., supra,* we hold that the trial court did not abuse its discretion in refusing to reinstate appellant's post-verdict motions.

## B. *Appellant's Arguments*

Appellant asserts that the trial court made two omissions constituting an abuse of discretion. First, appellant argues that the trial court abused its discretion in failing to consider that "refusal to reinstate post-verdict motions has the effect of a life sentence for the crimes of escape, robbery, theft and conspiracy." Appellant's Brief at 14. Second, appellant posits

that "the trial court simply failed to exercise its discretion," *id.* at 16, because the trial court did not expressly consider factors that must be considered when deciding whether to dismiss post-verdict motions in the first instance. *See id.* at 16–19 (citing *Commonwealth v. Kindler,* 536 Pa. 228, 639 A.2d 1 (1994); *In the Interest of J.J.,*[4] 447 Pa.Super. 259, 668 A.2d 1176 (1995)). We disagree.

■ The trial court's denial of appellant's request for reinstatement of his post-verdict motions does not operate to extinguish judicial review of his life sentence. Appellant may still petition for review under the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. §§ 9501 *et seq.* Virtually every one of appellant's fifty-four issues raised in post-trial motions involves a constitutional issue which may be raised in a PCRA petition pursuant to 42 Pa.C.S.A. § 9543(a)(2)(i). Accordingly, as appellant is fully eligible under 42 Pa.C.S.A. § 9543(a) to petition for a PCRA hearing,[5] the only effect the denial of the reinstatement of his post-verdict motions has is to maintain the effect of the original dismissal, which appellant concedes was proper. *See* Appellant's Brief at 10.

Appellant relies chiefly on the reasoning of *Ortega–Rodriguez v. United States,* 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) to support his first claim. The Supreme Court held in that case that the Eleventh Circuit could not apply a rule of *per se* forfeiture of appellate rights to a defendant who escaped and was recaptured before the appellate process began. *See id.* at 251, 113 S.Ct. at 1209–10, 122 L.Ed.2d at 599. In the course of its discussion, the Court stated that "[i]f we assume that there is merit to petitioner's appeal, then the Eleventh Circuit's dismissal is tantamount to an additional punishment of fifteen years for the same offense of flight." *Id.* at 248, 113 S.Ct. at 1207–08, 122 L.Ed.2d at 596.

4. This is our published decision on remand from the Supreme Court case of the same name found at 540 Pa. 274, 656 A.2d 1355, cited previously in this opinion.

5. We make no determination as to the merits of any claims that may be raised at a PCRA hearing, nor do we rule at this stage whether a PCRA hearing on any of appellant's issues is required.

Appellant's reliance on this reasoning in support of his claim is misplaced. First, the procedural posture and central issue of *Ortega–Rodriguez v. United States, supra,* are completely different from the case at bar. This case does not deal with the propriety of any original dismissal of a petition for judicial review, as does *Ortega–Rodriguez v. United States, supra.* Second, in *Ortega–Rodriguez v. United States, supra,* the dismissing court (Circuit Court) was different from the court whose jurisdiction petitioner fled (District Court). *See id.* at 242, 113 S.Ct. at 1205, 122 L.Ed.2d at 595. Third, the above-quoted passage concerns the imposition of additional punishment (dismissal of appeal) after the petitioner had already been convicted and sentenced for escape. Instantly, the dismissing court was identical to the court from whose jurisdiction appellant fled; appellant's motions were dismissed before he was convicted and sentenced for escape; and the denial of reinstatement is not an additional punishment, it is merely a maintenance of the original dismissal.

■ At best, appellant may complain that he will face a more stringent burden by raising his chosen issues at a PCRA hearing than he might have faced at a hearing on post-verdict motions. To countenance such a claim would be to hold that appellant's flight should have no negative consequences beyond the imprisonment levied. *See* Appellant's Brief at 13. Appellant fails to demonstrate how such a claim excuses his fugitivity. The PCRA review that remains available to appellant is more than fair, given his "act of defiance" and manifest disdain for judicial process. *Commonwealth v. Kindler, supra* at 233, 639 A.2d at 3. Consequently, appellant's first argument is meritless.

Appellant's second argument is meritless because it misconstrues the current trend in Pennsylvania law and ignores the import of this matter's specific procedural posture. Appellant acknowledges that it is not the dismissal of the appellant's post-trial motions that is at issue here, but instead it is the Court's refusal to reinstate the appellant's motions. Inexplicably, appellant proceeds to rely exclusively on cases like *Ortega–Rodriguez v. United States, supra,* which presents a

different issue, specifically the dismissal, on appeal, of a case in which the accused was recaptured prior to the case going up on appeal. The other cases relied upon appellant in his brief, our Supreme Court's decision in *Commonwealth v. Kindler, supra* and this Court's decision on remand in *In the Interest of J.J., supra,* to allege trial court error instantly also deals with the propriety of the dismissal of post-verdict motions or appeals, not with the denial of a request for reinstatement.

The Supreme Court's decision in *In the Interest of J.J., supra,* does stand for a mitigation of the harshness of the *per se* forfeiture rule laid down in *Commonwealth v. Jones,* 530 Pa. 536, 610 A.2d 439 (1992). *See In the Interest of J.J., supra* at 288, 656 A.2d at 1362 (plurality opinion) (overruling in part *Commonwealth v. Jones, supra* ); *see also Commonwealth v. Carino,* 540 Pa. 571, 659 A.2d 556 (1995) (*per curiam* order) (adopting *Commonwealth v. Huff,* 540 Pa. 535, 658 A.2d 1340 (1995)). As we have indicated, however, these cases do not disturb the holding of *Commonwealth v. Chopak, supra,* and *Commonwealth v. Passaro, supra,* regarding a court's discretion to refuse to reinstate motions previously dismissed where that dismissal is uncontested; in fact, this aspect of *Commonwealth v. Passaro, supra* was expressly reaffirmed in *In the Interest of J.J., supra* at 280, 656 A.2d at 1358. Consequently, appellant's reliance on the authorities which he cites in support of his second argument is misplaced, and his argument is meritless.

## C.  *Conclusion*

No case has stated expressly the factors a court must consider when exercising its discretion whether to reinstate a criminal defendant's properly dismissed request for review. Nonetheless, *Commonwealth v. Chopak, supra,* *Commonwealth v. Passaro, supra,* and *In the Interest of J.J., supra,* make clear that the operative issue is whether the defendant makes out a meritorious claim of entitlement to reinstatement. A court does not abuse its discretion in refusing to reinstate where the court fully considers a defendant's

proffered reasons for the absence occasioning the original dismissal, *see Commonwealth v. Chopak, supra* at 232, 615 A.2d at 699, and a defendant's bare assertion that, after recapture, he is prepared to recognize the court's authority does not require the trial court to reinstate the former fugitive's post-verdict motions. *See Commonwealth v. Passaro, supra* at 616, 476 A.2d at 349. Accordingly, the trial court did not abuse its discretion when it denied appellant's request for reinstatement where the court found "no meritorious circumstances in connection with this defendant's escape and his later apprehension that should give rise to reinstating his post-trial motions." (Trial Court Opinion at 7–8).

Based upon the foregoing, we affirm the order of the trial court denying appellant's request to reinstate post-verdict motions.

Order affirmed.

BECK, J., files a concurring opinion.

BECK, Judge, concurring.

I agree with the majority that the trial court did not abuse its discretion in denying appellant's request to reinstate his post verdict motions. However, I cannot agree that appellant's reliance on *Ortega–Rodriguez v. United States,* 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993); *Commonwealth v. Kindler,* 536 Pa. 228, 639 A.2d 1 (1994) and *In the Interest of J.J.,* 447 Pa.Super. 259, 668 A.2d 1176 (1995) is misplaced.

As noted by the majority, the case law provides little guidance on how to assess the types of claims raised by appellant. While *Commonwealth v. Chopak,* 532 Pa. 227, 615 A.2d 696 (1992), is procedurally on point here, it fails to establish a test or list of factors to be considered in deciding whether an abuse of discretion occurred in the denial to reinstate post verdict motions. Although *Kindler* and *Interest of J.J.* concern the dismissal of an appeal due to a defendant's fugitive status, it is clear that in deciding those cases, our supreme court found *Chopak* relevant to its analysis. *See In The Interest of J.J.,* 540 Pa. 274, 656 A.2d 1355 (1995) (discuss-

ing the discretion granted the trial court in deciding whether to reinstate post verdict motions in the context of an appellate court's discretion in deciding whether to dismiss an appeal).

I believe it is appropriate to consider this court's opinion in *Interest of J.J.*, *supra*, as well as the other cases relied on in that opinion, when assessing the instant claim. Considering the lack of direction in this area of the law and until our supreme court delineates a difference among the various cases, I would find relevant any case which addresses the ramifications of a defendant's flight after conviction.[1] In doing so, I would find that no abuse of discretion occurred in this case.

Despite appellant's insistence that we adopt the factors set forth in *Interest of J.J.*, he fails to offer any reasons why the "consequences of his flight from the jurisdiction [should be] mitigated." *See Chopak*, *supra* at 234, 615 A.2d at 700. *Interest of J.J.* suggests that a court consider, along with "any other relevant factor," the stage of the proceedings when flight occurred, the manner of escape, whether a return to custody occurred and whether that return was voluntary, the reason for escape, the length of time the defendant remained at large, the age or condition of the defendant (whether he was mature enough to comprehend the significance of his conduct) and the effect the defendant's flight had on the court's ability to review his case. *Interest of J.J.*, *supra*, at 265–66, 668 A.2d at 1179. Appellant can rely only on a general assertion in his brief that review is still possible despite his flight. However, appellant fails to note that his age, the circumstances surrounding his return to custody, and the manner of his escape, militate strongly against reinstatement. Further, he offers no sound "reason" for his escape and considering the circumstances surrounding it, we can only

1. I note that with the recent changes in post trial procedure, reinstatement of post verdict motions in criminal cases will cease to be an issue. Amended Rule of Criminal Procedure 1410 now makes the filing of post sentence motions optional. Failure to file such motions in the trial court no longer results in waiver of issues properly preserved before or during trial.

conclude that it was "a deliberate intent to flout the authority of the court." *Id.*

Because I believe appellant's request for reinstatement of his post verdict motions was properly denied, I concur in the result reached by the majority.