J-A10023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLARK L. LINABERRY | : | No. 2188 EDA 2019 |

Appeal from the Order Entered June 28, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001424-2018

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 31, 2020**

Appellant, the Commonwealth of Pennsylvania ("the Commonwealth"), appeals the June 28, 2019 order granting the pretrial motion to suppress physical evidence filed by Clark L. Linaberry ("Appellee").  After review, we affirm.

The trial court summarized the relevant facts of this matter as follows:

On November 29, 2017 at approximately 4:53 P.M., Trooper Zachary Muzzey drove through the parking lot of a Days Inn on patrol in the Marshalls Creek area of Monroe County. (N.T., Omnibus. at 5.) He had been there multiple times before and uncovered drug sales, drug use, firearms violations, and other criminal activity. (N.T., Omnibus, at 6.) He saw [Appellee] standing at the door to one of the rooms, 75 yards away. Trooper Muzzey observed something appear to move between the hands of [Appellee] and another person inside, whom he could not see. (N.T., Omnibus, at 6-7, 16.) He did not know what they

_____

[*] Retired Senior Judge assigned to the Superior Court.

exchanged, or if they exchanged anything at all, and could not see into the room. (N.T., Omnibus, at 7, 16-17.)

Trooper Muzzey parked his car and was walking toward the motel-room door when [Appellee] drove past him with his window down. He smelled the odor of burnt marijuana coming from [Appellee's] car and asked him what business he had at the hotel. [Appellee] explained that he had a credit card belonging to someone who stayed at the hotel, which he was trying to return. Based on the odor of marijuana and [Appellee's] erratic speech, Trooper Muzzey requested that [Appellee] exit his car. (N.T., Omnibus, at 7-9.) With [Appellee] now standing outside his car, Trooper Muzzey performed a *Terry*[1] frisk, searching the outside of his clothing for weapons by feel. (N.T., Omnibus, at 9, 11.) He knew this hotel had seen drug activity before, and believes as a general matter that persons involved in drug activity frequently arm themselves for protection. (N.T., Omnibus, at 11.) During the frisk, he felt a pack of cigarettes in [Appellee's] pocket. (N.T., Omnibus, at 9.) He asked if [Appellee] would open the pack and show him the inside. [Appellee] did not verbally respond but complied, opening it, letting Trooper Muzzey see a small, transparent bag holding white powder. [Appellee] then snapped it closed. (N.T., Omnibus, at 9-11.) The trooper seized the cigarette container and later identified the unknown substance as crack cocaine. (N.T., Omnibus, at 11.)

Trooper Muzzey cuffed and detained [Appellee] in his patrol car after reading the *Miranda*[2] rights. In a search of [Appellee's] vehicle, the trooper located a glass pipe with the residue of burnt marijuana and cocaine. (N.T., Omnibus, at 12.) On [Appellee's] person, Trooper Muzzey also found a piece of wax paper folded into a shape commonly used to store an individual dose of heroin. (N.T., Omnibus, at 12.) This piece of wax paper allegedly bears the stamp "Best of the Best." (Affidavit of Probable Cause, 2/16/18, attached to Criminal Complaint, at 5.)

---

[1] ***Terry v. Ohio***, 392 U.S. 1 (1968). In ***Terry***, the Supreme Court of the United States held that a police officer may stop and temporarily detain a citizen when there are specific and articulable facts causing the officer to have a reasonable suspicion that criminal activity is afoot. ***Id.*** at 21, 30. If the officer reasonably believes that he or she may be in danger, the officer may conduct a limited pat-down search of the suspect for weapons. ***Id.*** at 29-30.

<sup></sup>² *Miranda v.* [*Arizona*, 384 U.S. 436 (1966)].

On July 23, 2018, the Commonwealth filed an Information charging [Appellee] with Possession of a Controlled Substance and two counts of Possession of Drug Paraphernalia.³ By that date, the magistrate had held a preliminary hearing, on June 20, 2018, after which the charges were bound over to this [c]ourt. Following arraignment, [Appellee] pled not guilty. …

> ³ 35 [P.S.] § 780-113 ([a])(16) [and] ([a])(32), respectively. The Information does not provide the factual basis for the separate paraphernalia charges. From the facts alleged in the Affidavit of Probable Cause, however, we can assume that one count charges [Appellee] for possessing the glass pipe, while the second corresponds to the piece of folded wax paper allegedly used to hold a quantity of heroin.

Trial Court Opinion and Order, 6/28/19, at 2-3.

Appellee filed his omnibus pretrial motion on August 8, 2018, which included a motion to suppress evidence. On August 9, 2018, the trial court scheduled a hearing on Appellee's motion for October 15, 2018. Appellee failed to appear at this hearing, and the trial court dismissed Appellee's omnibus motion. Order, 10/15/18. On October 22, 2018, the trial court scheduled a pretrial conference for November 21, 2018. Appellee failed to appear at the conference, and the trial court issued a warrant for Appellee's arrest. Bench Warrant, 11/26/18.

On December 5, 2018, Appellee was apprehended in Northampton County. Sheriff's Service Affidavit of Return, 1/25/19. On January 16, 2019, the bench warrant was dissolved, and the trial court scheduled a pretrial conference to be held on February 20, 2019. The pretrial conference was

rescheduled for March 6, 2019. Order, 2/21/19. In the interim, Appellee moved to reinstate his suppression motion, and the trial court granted the motion. Order, 3/6/19. The trial court held a hearing on the suppression motion on April 15, 2019, and on June 28, 2019, the trial court granted Appellee's motion to suppress. On July 26, 2019, the Commonwealth filed a timely appeal and a Pa.R.A.P. 311(D) certification stating that the June 28, 2019 order would terminate or substantially handicap the prosecution. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

Prior to reaching the merits of the issues the Commonwealth raised, we address whether the March 7, 2019 order reinstating Appellee's omnibus motion is properly before our Court. Appellee asserts that the Commonwealth did not appeal the March 7, 2019 order or specifically certify that the reinstatement would terminate or substantially handicap the prosecution pursuant to Rule 311(D). Appellee's Brief at 6-7.

We conclude that the March 7, 2019 order was interlocutory; it did not put the Commonwealth out of court and did not dispose of all claims and parties. Pa.R.A.P. 341(b); *see generally Commonwealth v. Grove*, 170 A.3d 1127, 1137 (Pa. Super. 2017) (noting that the Superior Court has jurisdiction of "appeals from final orders of the courts of common pleas") (quoting 42 Pa.C.S. § 742). As mentioned above, Pa.R.A.P. 311(D) permits the Commonwealth to appeal an interlocutory pretrial order when the Commonwealth certifies that the order terminates or substantially handicaps

the prosecution. The March 7, 2019 order did not terminate or handicap the prosecution; it merely reinstated a pretrial motion. There was no ruling on the underlying suppression motion at that juncture. Thus, we find that the Commonwealth could not have certified in good faith that the March 7, 2019 order handicapped the prosecution. Rather, it was not until the trial court granted Appellee's motion to suppress on June 28, 2019, that the prosecution could claim it was handicapped. Accordingly, we conclude that the Commonwealth properly presented its challenge to the March 7, 2019 order in its appeal from the June 28, 2019 order granting Appellee's motion to suppress.

On appeal, the Commonwealth presents the following issues for this Court's consideration:

> [1.] Whether the suppression court abused its discretion in reinstating Appellee's motion to suppress when he forfeited the right to relitigate his motion through absconding for over four months?
>
> [2.] Whether the suppression court erred as a matter of law in concluding the evidence was obtained through a *Terry* frisk?

Commonwealth's Brief at 6 (full capitalization omitted).[2]

The Commonwealth avers that the trial court abused its discretion in reinstating Appellee's motion. Commonwealth's Brief at 14. Specifically, the Commonwealth asserts that Appellee forfeited the right to litigate his

---

[2] For purposes of our discussion, we have renumbered the Commonwealth's issues.

suppression motion because he absconded and failed to appear before the trial court for more than four months. *Id.* at 14-15.

Our Supreme Court has explained how a criminal defendant's status as a fugitive impacts his procedural rights as follows:

> [A] fugitive who has returned to the jurisdiction of the court should be allowed to exercise his post-trial rights in the same manner he would have done had he not become a fugitive. If he returns in time for post-trial motions, he should be allowed to file them. If he returns after the time for post-trial motions has expired, his request to file post-trial motions or to reinstate post-trial motions should be denied. If he became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately. **In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may.**

*Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997) (emphasis added). Moreover, it is within the trial court's discretion to address a motion filed by an absconder. *Id.* at 828; *see also Commonwealth v. Adams*, 200 A.3d 944, 951 (Pa. 2019) (noting that courts have discretion to determine whether fugitive status warrants forfeiture with respect to appellate rights).

At the outset, we first conclude that there is no evidence that Appellee "absconded" or was a "fugitive" simply because he did not attend the omnibus hearing. Black's Law Dictionary defines the term "fugitive" as: "1. A person who flees or escapes; a refugee. 2. A criminal suspect or a witness in a

criminal case who flees, evades, or escapes arrest, prosecution, imprisonment, service of process, or the giving of testimony, esp. by fleeing the jurisdiction or by hiding." Black's Law Dictionary (9th ed. 2009). Black's Law Dictionary defines "abscond" as follows: "1. To depart secretly or suddenly, esp. to avoid arrest, prosecution, or service of process. 2. To leave a place, usu. hurriedly, with another's money or property." *Id.* Herein, the record does not reflect an order directing Appellee to appear at the omnibus hearing, and the trial court did not issue a warrant for Appellee's arrest when Appellee did not attend the hearing on his omnibus motion.[3] Bearing in mind the above definitions, although Appellee was absent, we do not conclude that he absconded or was a fugitive.

Moreover, when Appellee was arrested and returned to the criminal justice system, the time in which the trial court could have held a hearing on the motion had not yet expired. Pa.R.Crim.P. 581, cmt. The trial court explained:

> On October 15, 2018, th[is c]ourt dismissed [Appellee's] Motion after a hearing at which [Appellee] did not appear. We reinstated the Motion by Order on March 7, 2019 when [Appellee] returned to the [c]ourt on a bench warrant. At that time, [Appellee] had been absent for 143 days. We held our hearing on

---

[3] Conversely, although the trial court did not order Appellee to attend the omnibus hearing, the trial court did order Appellee, his counsel, and counsel for the Commonwealth to attend the pretrial conference. Order, 10/22/18. It was Appellee's failure to comply with the October 22, 2018 order that led to the trial court's issuance of a warrant for Appellee's arrest. Bench Warrant, 11/26/18.

the present Motion [on] April 15, 2019, meaning that 182 days had passed since the date we dismissed the Motion.

Here, upon [Appellee's] return, he had already timely filed an Omnibus Motion, and the time for litigating pretrial motions had not yet expired. The criminal justice system, in the state he found it, was properly situated to rule on the Motion.

The Rules of Criminal Procedure do not provide for forfeiture or estoppel of a defendant's right to have an Omnibus Motion adjudicated, provided he or she has filed it within 30 days following arraignment. *See* Pa. R. Crim. P. 579(a). Additionally, the [trial c]ourt must rule on the matter before trial begins, so that a fugitive defendant who returns while trial is proceeding *in absentia* has lost that claim to relief. *See* Pa. R. Crim. P. 581(b). But once the defendant has timely filed the Motion, "the hearing may be held at any time prior to trial." Pa. R. Crim. P. 581, *Comment*.

[Appellee] was arraigned September 8, 2018. He filed his Motion that same date, which makes it timely. No trial ha[d] begun in [Appellee's]. Therefore, this [c]ourt obeyed the Rules of Criminal Procedure by holding a hearing and issuing a decision at "any time prior to trial," Pa. R. Crim. P. 581; Comment.

Trial Court Pa.R.A.P. 1925(a) Statement, 8/23/19, at 2.

For the reasons set forth above, even if we concluded that Appellee was a fugitive when he failed to appear at the hearing on his omnibus motion, the fact remains that Appellee took the system of criminal justice as he found it upon his return, and there was no prohibition to Appellee's litigation of his timely filed pretrial motion to suppress. **Deemer**, 705 A.2d at 829; Pa.R.Crim.P. 581, cmt.[4] After review, we discern no prejudice to the

_____

[4] Additionally, the trial court could have considered Appellee's motion to reinstate his suppression motion merely as a motion to reconsider the order

Commonwealth and conclude that there was no abuse of discretion in the trial court's reinstatement and consideration of Appellee's omnibus pretrial motion.

In its second issue, the Commonwealth avers that the suppression court committed an error of law in granting Appellee's motion to suppress. Commonwealth's Brief at 12. As noted above, the trial court concluded that Trooper Muzzey stopped Appellee pursuant to *Terry*; however, the court found insufficient evidence to support a *Terry* stop. Trial Court Opinion and Order, 6/28/19, at 2, 4-9. Despite the trial court's conclusion and rationale, the Commonwealth does not challenge the trial court's findings relative to *Terry* and it progeny. Rather, the Commonwealth asserts that the smell of marijuana established probable cause supporting a lawful arrest, and the contraband was seized during a search incident to that arrest. Commonwealth's Brief at 13. The Commonwealth also states that Appellee consented to the search. *Id.* at 13-14. After review, we conclude that the Commonwealth is entitled to no relief.

---

that initially dismissed the omnibus motion. The order dismissing Appellee's omnibus motion was interlocutory, and the trial court retained the authority to reconsider the order and reach a different result. *Commonwealth v. James*, 69 A.3d 180, 186 (Pa. 2013). The trial court was permitted to revisit the suppression order even beyond the thirty-day period for modifying an order provided by 42 Pa.C.S. § 5505. *James*, 69 A.3d at 186. It is well settled that our Court may affirm the trial court on any basis if the trial court's ultimate decision is correct. *Commonwealth v. Reese*, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*).

Our standard of review for a Commonwealth appeal from an order granting suppression is as follows:

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Miller*, 56 A.3d 1276, 1278-1279 (Pa. Super. 2012).

Appellee points out that the Commonwealth's assertion that the smell of marijuana could have established probable cause to arrest was not argued or raised in the trial court. Appellee's Brief at 5; Commonwealth's Brief at 13. Additionally, Appellee notes that the trial court provided the Commonwealth with two opportunities to file a brief during the litigation of Appellee's suppression motion; however, the Commonwealth did not do so. Appellee's Brief at 5.

We conclude that the Commonwealth's novel issue was not raised before the trial court, and the Commonwealth may not now raise a new theory in an attempt to overturn the trial court's order granting Appellee's motion to suppress. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, the Commonwealth's argument that the trooper had probable cause to arrest Appellee based on the smell of marijuana is waived. *See Commonwealth v.*

*Diaz*, 191 A.3d 850, 855 (Pa. Super. 2018) (stating that an argument is waived where the Commonwealth raises it for the first time on appeal).

Because the Commonwealth abandoned any challenge under *Terry*, and because we found its assertion concerning the smell of marijuana was waived, the Commonwealth's only remaining issue is an averment that Appellee voluntarily consented to the search. Commonwealth's Brief at 13-14. After review, we disagree.

The trial court concluded that Appellee's alleged consent to a search was invalid. Trial Court Opinion and Order, 6/28/19, at 8-9. The trial court found that Trooper Muzzey conducted a pat-down search of Appellee pursuant to *Terry*, but "when the *Terry* search occurred, specific and articulable facts did not support a reasonable suspicion that [Appellee] was armed or dangerous." Trial Court Opinion and Order, 6/28/19, at 4. Therefore, because the Trooper lacked reasonable suspicion that Appellee was armed or dangerous, the subsequent pat-down was unlawful. *Id.* The trial court continued:

> As a result, [Appellee could not] have consented to allow a search inside his pack of cigarettes when that consent was obtained only in the process of performing an unreasonable pat-down. We will suppress the package of crack cocaine found in [Appellee's] pack of cigarettes; and we will suppress the paraphernalia found in the search of [Appellee's] car and person after he was placed in custody, as "fruit of the poisonous tree."
>
> * * *
>
> As the search of [Appellee's] outer clothing occurred without reasonable suspicion that he possessed a weapon at the time, it falls outside the scope of the *Terry* exception to the warrant requirement. Without a warrant and outside this exception to the

- 11 -

rule requiring one, the search is per-se unreasonable under constitutional principles. *Commonwealth v. McCree*, 924 A.2d 621, 627 (Pa. 2007). We must suppress evidence derived from the search, unless a second exception applies. …

When a court finds a first search occurred unlawfully before the subject consented to a second search, **the court must suppress evidence from the latter search unless the Commonwealth proves the alleged consent was not a product of the illegal search and seizure**. *See Commonwealth v. Reid*, 811 A.2d 530, 545 (Pa. 2002). To overcome exclusion, the Commonwealth must prove both: 1.) that the consent was not given as a result of the unlawful search and seizure; and 2.) that consent was given voluntarily. *Id.* The Commonwealth has the burden to prove voluntariness. *Commonwealth v. Kemp*, 961 A.2d 1247, 1261 (Pa. Super. 2008).

In the present case, Trooper Muzzey would not have found the pack of cigarettes [that contained crack cocaine had Trooper Muzzey] not felt [the cigarette package during the pat-down]. [Trooper Muzzey] asked [Appellee] to open it almost as soon as he had felt it. [Appellee] opened it as soon as he was asked. [Appellee] would have had no other reason to open the pack for Trooper Muzzey to inspect if he were never asked as part of an ongoing search. Examining the inside of the package occurred as part of an unbroken search of [Appellee's] person and would not have happened if Trooper Muzzey did not first feel [Appellee's] clothes. Therefore, [Appellee] essentially consented to the search continuing, making that consent a result of the unlawful search. As a consequence, we must suppress the crack cocaine recovered from the inside of the pack of cigarettes. *See McCree*, 924 A.2d at 627; *Reid*, 811 A.2d at 545.

Next, we consider the glass pipe and piece of stamped wax paper allegedly used as paraphernalia. We are constrained to suppress these as "fruit of the poisonous tree." The fruit of the poisonous tree doctrine excludes evidence acquired as a consequence of an unlawful search. *Commonwealth v. Johnson*, 68 A.3d 930, 946 (Pa. Super. 2013). With the *Terry* framework, where a court finds either the initial detention or the frisk for weapons unsupported by reasonable suspicion, it must suppress all evidence derived from the search. *Commonwealth v. Simmons*, 17 A.3d 399, 403 (Pa. Super. 2011).

Trial Court Opinion and Order, 6/28/19, at 4-9 (emphasis added).

We agree with the trial court. The record provides no basis upon which the trooper could have concluded that Appellee was armed and dangerous, and as noted above, the Commonwealth provides no argument on this point. Thus, Trooper Muzzey's **Terry** pat-down of Appellee was illegal, the pack of cigarettes containing contraband would not have been discovered absent the illegal pat-down and search, and there is no evidence that Appellee would have consented to the search absent the illegal police interaction. **See Reid**, 811 A.2d at 544 (stating that in order to establish that the accused provided a valid consent to the search, the Commonwealth must prove: 1) consent was given during a legal police interaction, or if the consent was given during an illegal police interaction, that the consent was not a result of the illegal seizure; and 2) that the consent was given voluntarily) (citing **Commonwealth v. Strickler**, 757 A.2d 884, 888 (Pa. 2000)). Accordingly, there was no abuse of discretion in the trial court granting Appellee's motion to suppress.

For the reasons set forth above, we conclude that the Commonwealth is entitled to no relief. Therefore, we affirm the June 28, 2019 order granting Appellee's motion to suppress.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/31/20