J-S02041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE HAYWOOD YATES | : | |
| | : | |
| Appellant | : | No. 1108 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 14, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001334-2020

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: APRIL 4, 2023**

Appellant, Dwayne Haywood Yates, appeals from the judgment of sentence entered on December 14, 2021.[1] After careful review, we determine that Appellant's appeal, which he filed on August 8, 2022, is untimely, and we are constrained to quash it.

On December 9, 2021, the Commonwealth prosecuted Appellant at a jury trial for Persons Not to Possess a Firearm.[2] Appellant, however, failed to

---

[1] Appellant purported to appeal "from the judgment[s] of sentence entered on December 14, 2021, and March 31, 2022, and the [April 8, 2022] order denying post-sentence motion[s]." Notice of Appeal, 8/8/22 (some capitalization omitted). Appellant's issues, however, relate solely to the judgment of sentence entered on December 14, 2021. We have corrected the caption accordingly.

[2] 18 Pa.C.S. § 6105(a)(1). The Commonwealth had charged Appellant with additional crimes but, before trial, the court severed the firearm possession charge from the other charges. The December 9, 2021 trial and subsequent
*(Footnote Continued Next Page)*

appear for trial. The court found that Appellant's absence was voluntary and, as a result, the court held Appellant's trial *in absentia*.[3] At the conclusion of trial, the jury convicted Appellant of Persons not to Possess a Firearm.

On December 14, 2021, the court held a sentencing hearing at which Appellant again voluntarily failed to appear.[4] As a result, the court proceeded to sentence Appellant *in absentia* and imposed a term of 7 to 14 years' incarceration. The court entered the sentencing order on December 21, 2021.

At some point between December 14, 2021, and March 16, 2022, Appellant returned to the Commonwealth's custody.[5] On March 16, 2022, Appellant filed an untimely post-sentence motion from the December 14, 2021 judgment of sentence.[6]

_____

December 14, 2021 judgment of sentence related solely to the firearm possession charge. The other charges, addressed in March 2022, resulted in a separate sentence that the court ordered to run concurrently with the sentence imposed on December 14, 2021.

[3] **See** N.T. Trial, 12/9/21, at 4-5.

[4] **See** N.T. Sentencing, 12/14/21, at 2-4.

[5] It is not clear from the record whether Appellant was captured or returned voluntarily.

[6] A defendant has 10 days after imposition of sentence to file a post-sentence motion. Pa.R.Crim.P. 720(A)(1). Upon return from fugitive status, an absconder "take[s] the system of criminal justice as he finds it upon his return[.]" **Commonwealth v. Deemer**, 705 A.2d 827, 829 (Pa. 1997). Appellant's fugitive status, thus, did not serve to extend his time to file a post-sentence motion or notice of appeal. **See id.**

On August 8, 2022, Appellant filed a Notice of Appeal. Appellant challenges the weight and sufficiency of the evidence underlying his December 9, 2021 conviction for Persons not to Possess a Firearm. Appellant's Br. at 4.

Before we can address the merits of Appellant's issues, we must address our jurisdiction over this appeal, which we may raise *sua sponte*. ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014). Where, as here, an appellant does not file a timely post-sentence motion, "the judgment of sentence constitutes a final and appealable order for purposes of appellate review and any appeal therefrom must be filed within [30] days of the imposition of sentence." ***Commonwealth v. Borrero***, 629 A.2d 158, 159 (Pa. Super. 1997). ***See*** Pa.R.Crim.P. 720(a)(3); Pa.R.A.P. 903(a).

In this case, the court sentenced Appellant on December 14, 2021. Because Appellant did not file a timely post-sentence motion, his appeal period expired 30 days later, in January 2022. Appellant's appeal in the instant case, filed August 8, 2022, is thus patently untimely. As a result, we are without jurisdiction to address this appeal and we must quash it.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023

- 3 -