658 A.2d 1340

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Peter D. HUFF, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 26, 1995.

Decided May 22, 1995.

536

Peter D. Huff, pro se.

David J. Tulowski, Dist. Atty., Christian A. Fisanick, Chief Deputy Dist. Atty., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

FLAHERTY, Justice.

■ This is an appeal by allowance from a memorandum decision of the Superior Court which affirmed a denial of post-conviction relief by the Court of Common Pleas of Cambria County. At issue is whether, by reason of having become a fugitive from justice prior to sentencing, the appellant, Peter D. Huff, waived his appellate rights.[1]

On May 14, 1987, appellant was found guilty of solicitation to commit burglary, conspiracy, and corruption of minors. Sentencing was scheduled for July of 1987. Appellant became a fugitive and failed to appear for sentencing. Approximately six months later, he was arrested in another state. He was returned to Cambria County and, in March of 1988, was sentenced to three to seven years of imprisonment.

At sentencing, the court gave no indication that appellant's earlier status as a fugitive served to extinguish his appellate rights. In fact, appellant was expressly advised by the court that he had a right to file an appeal. However, no appeal ensued.

---

1. Appellant has briefed other issues, but our review is limited to the sole issue raised in the petition for allowance of appeal, to wit, whether appellate rights were waived. Pa.R.A.P. 1115(a)(3); *Commonwealth v. Milyak*, 508 Pa. 2, 5 n. 3, 493 A.2d 1346, 1348 n. 3 (1985) (appellate review confined to issues raised in petition).

Approximately eighteen months after sentencing, appellant filed a pro se petition requesting relief under the Post-Conviction Hearing Act.[2] In October of 1989, the petition was summarily denied by the trial court on the basis that it was "blatantly and obviously frivolous and without merit and diametrically at odds with the record itself." An appeal was taken to the Superior Court, and the trial court's order was affirmed. Unlike the trial court, the Superior Court did not address the merits of the petition. Rather, it held that appellant had, by reason of his earlier flight from justice, waived his appellate rights. We do not agree.

■ It is well settled that, when an individual files an appeal and then becomes a fugitive from justice, it is permissible for the appellate court to quash the appeal. *Commonwealth v. Kindler*, 536 Pa. 228, 639 A.2d 1 (1994) (opinion announcing judgment of the court), cert. denied, —— U.S. ——, 115 S.Ct. 327, 130 L.Ed.2d 287 (1994); *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984); Pa.R.A.P. 1972(6) (motion to quash based on fugitive status).[3] The present case is not, however, one where appellant fled after taking an appeal. Rather, appellant fled and was recaptured before he was sentenced by the trial court. Where there is a connection between a defendant's fugitive status and the appellate process it is reasonable for an appellate court to dismiss the appeal. *Ortega–Rodriguez v. United States*, 507 U.S. ——, —— ——, 113 S.Ct. 1199, 1206–07, 122 L.Ed.2d 581, 594–95 (1993); *Commonwealth v. Kindler*, 536 Pa. at 232–33, 242–43, 639 A.2d at 3, 8. Here, appellant's actions constituted an affront and inconvenience to the trial court, but did not affect the appellate process.

■ Further, where a trial court chooses to ignore the disrespect manifested by flight and proceeds to dispose of post-trial issues on the merits, and where flight has terminat-

2. The Post Conviction Hearing Act was modified in part, repealed in part, and renamed the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, effective April 13, 1988.

3. In *Appeal of J.J.*, 656 A.2d 1355 (Pa.1995), we recently addressed the reinstatement of such appeals.

ed before the filing of an appeal, it is not proper for an appellate court to dismiss the appeal. *Commonwealth v. Rhodes*, 538 Pa. 73, 645 A.2d 1294 (1994) (per curiam). In *Rhodes*, 538 Pa. 73, 645 A.2d 1294, where we remanded to the Superior Court to consider an appeal on its merits, we stated:

> Since [defendant's] fugitive status did not occur while this matter was pending before the Superior Court it was improper for that court to quash his appeal. The trial court was in a position to assess what penalty, if any, should be imposed by [defendant's] flight and since the trial court chose to overlook [defendant's] contemptuous disrespect manifested by his flight and to consider and dispose of the post-trial motion issues on the merits, [defendant] is entitled to proceed with his appeal in the Superior Court. *Commonwealth v. Kindler*, 536 Pa. 228, 639 A.2d 1 (1994).

In short, appellant's flight from justice prior to sentencing had no significant effect on the appellate process. The Superior Court, by holding that appellant waived all of his appellate rights, including the right to seek review of determinations in collateral post-conviction proceedings, erred. Accordingly, this case must be remanded to the Superior Court for consideration, on the merits, of the issues presented.

Order of the Superior Court vacated, and case remanded.

MONTEMURO, J., files a concurring opinion which is joined by NIX, C.J.

CASTILLE, J., files a dissenting opinion.

MONTEMURO, J., is sitting by designation.

MONTEMURO, Justice, concurring.

While I agree with the result reached in this case, I am unable to join the rationale, as it fails to examine the stare decisis issue. See my Concurring Opinion in, *In the Interest of J.J.*, 540 Pa. 274, 656 A.2d 1355 (1995).

NIX, C.J., joins in this concurring opinion.

CASTILLE, Justice, dissenting.

I believe a defendant's escape or flight from justice acts as a *per se* forfeiture of his right of appeal regardless of when he chooses to flee the jurisdiction of the court; therefore, I dissent. The right to appeal should be conditioned upon a convicted defendant's compliance with the procedures established by this Court and the laws of this Commonwealth. A defendant who deliberately chooses to break the law by fleeing the jurisdiction in an attempt to avoid the imposition of his or her sentence, should be bound by the consequences of his or her action and barred from appellate review of the judgment from which he or she sought to unlawfully escape. *Commonwealth v. Jones*, 530 Pa. 536, 538, 610 A.2d 439, 440 (1992), *citing, Commonwealth v. Passaro*, 504 Pa. 611, 613, 476 A.2d 346, 347 (1984) (a defendant who deliberately chooses to bypass the orderly procedures afforded for challenging his conviction is bound by the consequences of his decision).

Here, appellant attempted to avoid the courts of this Commonwealth by fleeing to Ohio prior to sentencing. The only reason that no delay occurred so as to permit a forfeiture of his appellate rights under *Ortega–Rodriguez v. United States*, 507 U.S. ——, ——, 113 S.Ct. 1199, 1206, 122 L.Ed.2d 581, 594–595 (1993); *Commonwealth v. Kindler*, 536 Pa. 228, 233, 639 A.2d 1, 3 (1994) (plurality decision),[1] *cert. denied*, —— U.S. ——, 115 S.Ct. 327, 130 L.Ed.2d 287 (1994), was because the police, by happenstance, were able to ascertain the whereabouts of the appellant and arrest him within a time frame so as not to disrupt the appellate process. Upon being caught by police, he now tries to benefit from the very appellate process which he sought to avoid. A defendant who flees should not be able to have it both ways.

In *Commonwealth v. Craddock*, 522 Pa. 491, 564 A.2d 151 (1989) (per curiam affirmance), this Court upheld the Superior Court's reasoning that despite the fact that the defendant is recaptured and within the control of the court at the time of his appeal, his voluntary fugitive status at the time for direct

1. In *Kindler*, this Court held that waiver or quash was a proper remedy where fugitive status interfered with the appellate process.

appeal acted as a knowing and understanding waiver of his appellate rights. *Id.,* citing, *Commonwealth v. Passaro,* 504 Pa. 611, 613, 476 A.2d 346, 347 (1984). Similarly, here, appellant's escape prior to sentencing acted as a knowing and understanding waiver of his appellate rights. Consequently, I would hold that appellant forever forfeited his right to appellate review. *See Commonwealth v. Jones* 530 Pa. 536, 610 A.2d 439 (1992) (defendant's voluntary escape acts as *per se* forfeiture of his right of appeal). To hold otherwise will only give encouragement to those individuals who may be contemplating flight to avoid punishment. Knowing that there are severe consequences that result when one attempts to disrupt the orderly process of the court, an individual so inclined to flee will be given an incentive to stay and face the process of the court. Therefore, I believe the Superior Court properly held that appellant waived his appellate rights.[2]

Accordingly, I would affirm the order of the Superior Court affirming the trial court's denial of post conviction relief.

MONTEMURO, J., files a concurring opinion which is joined by Mr. Chief Justice NIX.

CASTILLE, J., files a dissenting opinion.

---

**2.** The majority's holding reduces the incentive on behalf of the police to promptly capture a fugitive so as not to interfere with the appellate process.