COMMONWEALTH of Pennsylvania, Appellee,

v.

Aaron FORD, Appellant.

Superior Court of Pennsylvania.

Submitted March 31, 1998.
Filed June 16, 1998.

---

James K. Reed, Chambersburg, for appellant.

Angela R. Krom, Assistant District Attorney, Chambersburg, for the Commonwealth, appellee.

Before JOHNSON, STEVENS and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

Aaron Ford (appellant) appeals from his judgment of sentence entered by the Franklin County Court of Common Pleas following a jury trial. After being tried *in absentia* and without representation of counsel, appellant was convicted of five counts of unlawful delivery of a controlled substance and sentenced to 15½ to 33 years incarceration. Appellant claims the trial court erred by allowing his counsel to withdraw three days before trial, by trying him *in absentia*, and by imposing an excessive sentence. Because we find appellant did not validly waive his right to counsel, we vacate the judgment of sentence and remand for a new trial.

Appellant was charged with five counts of unlawful delivery of a controlled substance. In May of 1996, the trial court appointed counsel for appellant. This attorney initiated discovery and filed an omnibus pre-trial motion. At the hearing on this motion, appellant requested a continuance in order to secure private counsel. The court subsequently approved the withdrawal of court-appointed counsel, and Attorney Gregory Abeln entered his appearance on behalf of appellant. Attorney Abeln filed a supplemental omnibus pre-trial motion, which was denied. In February of 1997, approximately two weeks before jury selection began, appellant violated his probation in a prior unrelated case. Appellant then fled the jurisdiction and a warrant was issued for his arrest.

Meanwhile, appellant failed to appear for jury selection on March 10, 1997, at which time Attorney Abeln filed a motion to withdraw. Mr. Abeln stated that $3,500.00 of his $7,500.00 fee remained outstanding and that appellant's absence hindered trial preparation. The trial court granted Attorney Abeln's motion and on March 13, 1997, proceeded to try appellant *in absentia* and without counsel. Appellant was found guilty on all five counts and sentenced to an aggregate term of 15½ to 33 years incarceration on April 16, 1997. At his sentencing hearing, appellant was again in custody and declined representation at that hearing. Proceeding *pro se*, appellant filed timely post-trial motions, which were denied. Counsel was subsequently appointed for appellant and this appeal followed.

■ We must decide whether appellant's due process rights were violated when he was tried *in absentia* without attorney representation. We conclude that they were.[1] It is well established that in Pennsylvania when a defendant fails to appear for trial without cause, he or she may be tried *in absentia.* *See* Pa.R.Crim.P. 1117(a); *Commonwealth v. Sullens*, 533 Pa. 99, 619 A.2d 1349 (1992). To try a defendant without counsel, however, is a completely different matter. *See Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel is fundamental and essential to a fair trial).

■ "It is well settled that a criminal defendant has the right to be represented by counsel at trial." *Commonwealth v. Grant*, 229 Pa.Super. 419, 423, 323 A.2d 354, 356 (1974) (citing *Gideon v. Wainwright, supra* ). This right may be waived. *Id.* Before waiver is found, however, the "trial court is re-

---

1. Because we remand for a new trial, we do not reach appellant's remaining claims challenging his trial *in absentia* and sentencing.

quired to make a searching and formal on-the-record inquiry to ascertain '(1) whether the defendant is aware of his right to counsel or not and (2) whether the defendant is aware of the consequences of waiving that right or not.'" *Commonwealth v. Carothers*, 450 Pa.Super. 208, 215, 675 A.2d 734, 737 (1996) (quoting *Commonwealth v. Starr*, 541 Pa. 564, 579, 664 A.2d 1326, 1334 (1995)); *see also Commonwealth v. Smith*, 426 Pa.Super. 144, 148–50, 626 A.2d 614, 617 (1993). "The question of waiver must be determined regardless of whether the accused can or cannot afford to engage counsel." *Grant*, 229 Pa.Super. at 424, 323 A.2d at 357. Furthermore,

> [t]he presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. Thus, this Court is constitutionally bound to place the burden of proving waiver on the Commonwealth.

*Carothers*, 450 Pa.Super. at 215–16, 675 A.2d at 738 (quoting *Commonwealth v. Monica*, 528 Pa. 266, 272–74, 597 A.2d 600, 603 (1991)).

 In the case at bar, the record reflects no inquiry into whether appellant was aware of his rights or whether he knowingly waived them. Certainly, there was no probing inquiry as required by *Carothers*. Such an inquiry is quite obviously impossible when a defendant fails to present himself before the court. Failure to appear, however, is not tantamount to a knowing waiver. In the past, courts of this Commonwealth have treated fugitive status as waiver of appellate rights, and also as grounds for dismissing a pending appeal. *See, e.g., Commonwealth v. Craddock*, 370 Pa.Super. 139, 535 A.2d 1189 (1988), *aff'd per curiam*, 522 Pa. 491, 564 A.2d 151 (1989) ("The general rule is that in a criminal case, voluntary fugitive status disentitles a defendant to call upon the resources of the court for the disposition of a defendant's legal claims."); *Commonwealth v. Huff*, 540 Pa. 535, 536–38, 658 A.2d 1340,

1341 (1995) ("It is well settled that, when an individual files an appeal and then becomes a fugitive from justice, it is permissible for the appellate court to quash the appeal."). Our Supreme Court, however, soundly rejected this practice in *Commonwealth v. Deemer*, 550 Pa. 290, 705 A.2d 827 (1997).

> Returned fugitives should be punished, if appropriate, for violations of court orders or statutes which compel their presence in court, but they should not be punished additionally by forfeiture of their appellate rights. On the other hand, a returned fugitive should not benefit from his fugitive status. Courts should not take extraordinary measures, such as granting motions to reinstate post trial motions or requests to appeal nunc pro tunc, in order to accommodate fugitives who have now returned and wish to pursue post-trial measures.
>
> Rather, a fugitive who has returned to the jurisdiction of the court should be allowed to exercise his post-trial rights in the same manner he would have done had he not become fugitive.... If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately. In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if he has not, he may.

*Id.* Hence, fugitive status is not a *per se* waiver nor may it be punished by the negation of constitutional rights. Fugitive status is instead a separate wrong with its own consequences.

 Indeed, the consequences of fugitive status in this Commonwealth are substantial. First, an escapee could be subject to escape charges. *See* 18 Pa.C.S. § 5121. Second, the jury can consider flight indicative of a defendant's consciousness of guilt. *See Commonwealth v. Jorden*, 333 Pa.Super. 291, 302–04, 482 A.2d 573, 579 (1984) (citations omitted). Third, if cause is not shown, an escapee gives up the right to be present at trial and may be tried *in absentia. Sul-*

*lens, supra.* Finally, bail proffered by an escapee is forfeited. *See* 42 Pa.C.S.A. § 9139. An inquisitional trial without counsel, however, is not a permissible punishment for fugitive status.

■ We now consider whether the trial court properly granted Attorney Abeln's motion to withdraw. There is no bright line rule governing when a trial court abuses its discretion in ruling on a petition to withdraw as counsel. *See Commonwealth v. Sweeney,* 368 Pa.Super. 33, 47–48, 533 A.2d 473, 481 (1987). Rather, a court must weigh the interests of the client in a fair adjudication, the interests of the Commonwealth in efficient administration of justice, and the interests of the attorney seeking withdrawal. *See id.* Therefore, "resolution of the problem turns upon a case by case analysis with particular attention to the reasons given by the trial court at the time the request for withdrawal is denied." *Id.* We find that, in this case, the trial court erred in granting appellant's attorney's motion to withdraw without appointing new counsel.

■ It is certainly true that counsel may seek to withdraw from representation for a variety of reasons, from ethical to financial. *See Commonwealth v. Keys,* 397 Pa.Super. 453, 455–57, 580 A.2d 386, 387 (1990). This is not to say, however, that every time withdrawal is permissible from the attorney's perspective that the Court must allow it. As indicated by the *Sweeney* standard, the interests of the Commonwealth and the client must be considered before withdrawal is proper. Instantly, several factors weigh against permitting withdrawal.

■ Pa.R.Crim.P. 302(b), provides in relevant part,

(b) Counsel for a defendant may not withdraw his or her appearance except by leave of court. Such leave shall be granted only upon motion made and *served on* the attorney for the Commonwealth and *the client,* unless the interests of justice otherwise require.

Pa.R.C.Pr. 302 (emphasis added). The record reveals no indication that appellant was ever served notice of his attorney's intention to withdraw. Such notification is not merely courtesy. It is critical and necessary before an attorney is permitted to withdraw his or her representation. *Cf. Commonwealth v. Worthy,* 301 Pa.Super. 46, 48–50, 446 A.2d 1327, 1329 (1982) (obligation of appellate counsel to give client notice of withdrawal is the most important requirement of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968)); *Commonwealth v. Liska,* 252 Pa.Super. 103, 109–11, 380 A.2d 1303, 1306 (1977) (appellate counsel must notify client of intention to withdraw in time for client to proceed in propria persona or to request appointment of new counsel). We recognize the practical difficulty of providing notice to a fugitive. The rule, however, is mandatory unless the interests of justice require otherwise. As per our discussion of due process, the interests of justice were not served by allowing withdrawal in this case.

Also, proximity to trial renders withdrawal improper. The motion was made a mere three days before the trial was to start. Attorney Abeln's last communication with appellant was three weeks before trial. If he had concerns, he should have addressed them before it was practically impossible for the court to mitigate any prejudice against appellant. Avoidance of prejudice to appellant is an important concern underlying Rule 302(b). *Cf. Keys,* 397 Pa.Super. at 455–57, 580 A.2d at 387 (the procedural default which occurred when attorney withdrew from case without informing court and prevented the court from avoiding it revealed the importance of Rule 302(b)'s requirement of formal allowance of withdrawal).

We are not giving short shrift to the legitimate interests of Attorney Abeln in withdrawal. He told the court that appellant was not adequately helping prepare for the trial and had not paid him in full. Time and again we have recognized that financial concerns alone may justify withdrawal. *See, e.g., Sweeney, supra.* In no case, however, has withdrawal amounted to a waiver of counsel. Furthermore, we have noted the importance of an attorney's affirmative efforts to mitigate prejudice to his or her client. *See Sweeney, supra.* As we stated in *Sweeney,* the

interests of the attorney are but one factor, and in the instant case it is simply not enough to justify withdrawal.

We emphasize that we do not hold that in every case where a defendant is a fugitive withdrawal is improper. Notice can be accomplished without verbal communication. Further, when time permits, appointment of replacement counsel may be proper. We are simply holding that, under the case-by-case inquiry required by *Sweeney,* the facts at bar make withdrawal improper.

Additionally, we find that the lower court erred when in not appointing new counsel after dismissing Attorney Abeln. Pa. R.Crim.P. 316(c) provides:

■ Rule 316. Assignment of Counsel

(c) In all cases

(i) The court, of its own motion, *shall assign counsel* to represent a defendant whenever the interests of justice require it.

Pa.R.Crim.P. 316(c) (emphasis added). In an appellate context, we held that under this rule, the interests of justice required a lower court to appoint counsel when an appellant could no longer afford private counsel's representation on his first appeal of right. *See Sweeney,* 368 Pa.Super. at 45–47, 533 A.2d at 480. As the right to counsel at trial is at least as important, if not more, than that on appeal, we conclude that Rule 316 requires the appointment of counsel when a fugitive's private counsel is dismissed.

■ In conclusion, we reiterate that trying a defendant without representation requires a knowing and intelligent waiver of defendant's right to counsel. This is true even when a defendant is tried *in absentia* pursuant to Rule 302(b). No such waiver occurred in this case, and therefore appellant's due process rights were violated when he was tried in his absence without counsel. This violation was a direct result of the trial court's erroneous ruling granting Attorney Abeln's motion to withdraw, as well as the court's failure to appoint counsel in pursuant to Rule 316. Accordingly, we vacate appellant's judgment of sentence and remand for a new trial.

Judgment of sentence vacated. Remanded for a new trial. Jurisdiction relinquished.

Dissenting opinion by STEVENS, J.

STEVENS, Judge, dissenting:

The Majority, after careful and thorough consideration, concludes that Appellant, a fugitive who was tried *in absentia,* did not validly waive his right to counsel, and the Majority vacates the judgment of sentence and remands for a new trial. I respectfully dissent.

Appellant was charged with five (5) counts of Delivery of Cocaine, and in May, 1996, counsel was appointed for Appellant. At the request of Appellant, the trial court approved the withdrawal of court-appointed counsel and allowed Appellant to appear with private counsel.

Approximately two (2) weeks prior to jury selection, Appellant was found to have crack-cocaine in his possession and in violation of his probation. At this point, Appellant fled the jurisdiction and a warrant was issued for his arrest.

Appellant then failed to appear for jury selection on March 10, 1997, and his private counsel was permitted to withdraw on the basis that Appellant owed his private counsel substantial fees and that Appellant's absence hindered preparation for trial. At all times relevant hereto, Appellant was aware of the date for jury selection and for trial.

A jury trial was held on March 13, 1997 without the presence of Appellant, and Appellant was convicted on all five (5) charges of delivery of a controlled substance. At the time of sentencing, Appellant was again in custody, *declined representation,* and filed timely post-trial motions *pro se,* motions which were denied. Counsel was subsequently appointed for Appellant and this appeal followed.

I respectfully disagree with the conclusion of the Majority that Appellant's due process rights were violated when he was tried *in absentia* without representation by an attorney. To the contrary, the trial court was at all times sensitive to the constitutional rights of Appellant. Counsel was appointed at the

request of Appellant, counsel was permitted to withdraw and new counsel retained at the request of Appellant, and counsel was offered during the sentencing hearing at which time Appellant declined representation. Counsel was subsequently appointed for this appeal. In short, Appellant was afforded all his constitutional rights and chose to not only violate his probation, but to then flee the jurisdiction despite his knowledge that jury selection was about to begin.

Under the facts of the within case, Appellant voluntarily changed attorneys and at one point voluntarily proceeded *pro se.* Based on the over-all actions of Appellant, the mere fact that his private counsel was permitted to withdraw prior to the trial *in absentia* is irrelevant. In fact, by his flight from justice Appellant prevented his own privately retained counsel from preparing a defense so there was absolutely no prejudice to Appellant by the fact that his counsel was permitted to withdraw prior to the trial. Rather, Appellant should be held responsible for his own actions when he knowingly violated probation and then knowingly proceeded to become a fugitive from justice.

Although Appellant is entitled to the assistance of counsel at every "critical stage" of a criminal prosecution, in the instant case he had a "reasonable opportunity to secure private counsel of his own choosing." *See Commonwealth v. Gray,* 415 Pa.Super. 77, 608 A.2d 534 (1992). The within case is not a case in which Appellant was denied counsel. Appellant turned down the opportunity to have court appointed counsel and in fact had retained his own private counsel. All the requirements of the Sixth Amendment to the Constitution of the United States pertaining to the assistance of counsel were met.

Clearly, when a defendant fails to appear for trial without cause, he or she may be tried *in absentia. Commonwealth v. Sullens,* 533 Pa. 99, 619 A.2d 1349 (1992); *Commonwealth v. Wilson,* —— Pa. ——, 712 A.2d 735 (1998). Here, Appellant knowingly put himself into a fugitive status at a time jury selection was about to begin. I strongly disagree with the Majority decision to reward Appellant with a new trial in light of Appellant's mocking disregard for not only

the trial court but for the entire legal system. It is a dangerous precedent to allow a criminal defendant to manipulate the system in the manner done so by Appellant and to become a fugitive from justice and yet have the trial court prohibited from trying the criminal defendant *in absentia.*

In conclusion, Appellant knew full well the consequences of his violation of probation, of his flight from the jurisdiction, of his fugitive status, and of a trial *in absentia.* Appellant's actions show a blatant disregard for the criminal justice system, and Appellant should not be rewarded with a new trial.

I would affirm the order of the lower court denying his post-trial motions.