J-S20028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELVIN CUMMINGS, | |
| Appellant | No. 1549 WDA 2014 |

Appeal from the Judgment of Sentence July 31, 2014
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000175-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and WECHT, JJ.

MEMORANDUM BY **SHOGAN, J.:**          **FILED:  MAY 1, 2015**

Melvin Cummings ("Appellant") appeals from the judgment of sentence entered July 31, 2014, following his conviction by a jury of various drug-related offenses.  We affirm.

The trial court set forth the procedural history of the case as follows:

> [Appellant] was charged in ten counts [of] the following offenses: possession, possession with intent to deliver ("PWID"), and delivery of 0.90 of a gram of cocaine, a controlled substance; possession, PWID, and delivery of 0.17 of a gram of cocaine; and criminal conspiracy and criminal use of communication facility with respect to each amount of cocaine. Attorney Edward J. Hatheway was initially appointed to represent him, but moved for leave to withdraw as legal counsel upon [Appellant's] adamant assertion that he wished to be self-represented.  [Appellant] failed to appear at the hearing scheduled on that motion, which the [c]ourt was forced to reschedule and to transfer the trial from the September 2013 to the November 2013 term of [c]ourt.

At the rehearing of the motion to withdraw, Attorney J. Wesley Rowden was appointed as substitute counsel upon a finding of irreconcilable differences between [Appellant] and Attorney Hatheway. [Appellant] subsequently moved to proceed without counsel, and following a hearing held on October 21, 2013, the motion was granted and Attorney Rowden was appointed to serve as standby counsel. Having advised [Appellant] that the trial would not be further continued, the [c]ourt refused a request at the start of the trial term for a continuance to the January 2014 term of [c]ourt, and specially set the case to be tried during the second week of the November term. The motion for a continuance was based upon [Appellant's] alleged unawareness of his need to subpoena any involuntary witnesses.

At the time set for trial, [Appellant] pleaded no contest to the charge of delivery of 0.90 grams of cocaine, with the remaining counts *nolle prossed*. That plea was withdrawn prior to sentencing, however, on [Appellant's] contention that he had been unable to locate and subpoena his witnesses in the time available to him. The trial was next continued from the January to the March 2014 term of court due to the unavailability of a key witness for the Commonwealth, and a finding that [Appellant] was not thereby prejudiced because he still had not subpoenaed his witnesses.

[Appellant] then, on February 25, 2014, filed a Motion to Dismiss, which was interpreted as a habeas corpus motion and set for hearing on March 31, 2014, further delaying trial until the May term of court. That motion was denied, and a jury was empaneled and the trial commenced on May 20, 2014. [Appellant] left the courthouse following opening statements, giving the excuse of needing to use the restroom, but the trial continued [*in absentia*] and he was convicted on all ten counts. He was later arrested on a bench warrant in Erie, Pennsylvania, and on July 31, 2014, received an aggregate sentence of fifty-four to 240 months of imprisonment, with credit for sixty-six days of presentence incarceration.

Trial Court Memorandum, 9/2/14, at 1–3 (footnotes omitted).

Appellant filed post-sentence motions seeking a judgment of acquittal, a new trial, and modification of his sentence. The trial court denied the

motions by order dated August 29, 2014. This appeal followed, in which Appellant presents two questions for our consideration:

> 1[.] Were Appellant's two pre-trial counsel ineffective when they failed to seek a mental health evaluation for him, failed to advise the trial court of Appellant's mental health issues, and failed to advise Appellant of the proper procedures to raise such matters?
>
> 2. Was the trial court in error when it permitted Appellant to represent himself, and permitted trial to continue after Appellant did not return to the courtroom and standby counsel was permitted to leave?

Appellant's Brief at 4.[1]

Appellant's first issue presents ineffective assistance of counsel claims. Our Supreme Court recently reiterated that "***Grant***'s[2] general rule of deferral to PCRA[3] review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel." ***Commonwealth v. Holmes***, 79 A.3d 562, 563 (Pa. 2013).

In disposing of Appellant's first issue, we adopt the well-reasoned analysis of the trial court:

_____

[1] We note that Appellant's brief fails to conform to Pa.R.A.P. 2119(a) in that the argument section is not "divided into as many parts as there are questions to be argued." However, because this defect does not hamper our ability to review Appellant's issues, we shall address them.

[2] ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002).

[3] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546.

The Appellant's claims of ineffective assistance of counsel ("IAC") with respect to his mental health issues were raised in his motion for a new trial, but were not entertained by this [c]ourt in accordance with *Commonwealth v. Holmes*, 621 Pa. 595, 79 A.3d 562 (2013) . . . .[1] Similarly, his newly-raised IAC claims founded . . . upon counsel's failure to advise him in regard to pretrial motions are not reviewable on direct appeal. *Id.*

[1] The *Holmes* Court recognized ineligibility for post conviction collateral relief as a special circumstance where ineffective assistance of counsel claims might be reviewable by a trial court on post-trial motions. 621 Pa. at 623, 79 A.3d at 578. The Appellant, however, will be imprisoned until at least November of 2018 for his conviction of offenses under the Pennsylvania Crimes Code, and hence remains PCRA eligible. *See* 42 Pa.C.S. § 9543(a)(1)(i). He also did not waive his entitlement to seek PCRA review of his conviction and sentence, nor was he in one of those "extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice." *Holmes*, 621 Pa. at 598–[5]99, 79 A.3d at 563–564.

Trial Court Opinion, 12/5/14, at 2–3. Based on the procedural posture of Appellant's ineffective assistance of counsel ("IAC") claims, we decline to review his first issue without prejudice to his rights under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.

Appellant's second issue raises allegations of trial court error. Specifically, Appellant argues that the trial court erred in trying him *in absentia* and in dismissing standby counsel. Appellant's Brief at 2.

"A defendant's right to be present at trial is guaranteed by the Sixth Amendment to the United States Constitution; by Article I, Section 9 of the

Pennsylvania Constitution; and by Pennsylvania Rule of Criminal Procedure 602(a)." ***Commonwealth v. Faulk***, 928 A.2d 1061, 1065 (Pa. Super. 2007) (citations omitted). "The right may be waived either impliedly, via the defendant's actions, or expressly." ***Id.*** (citations omitted). For example, a defendant may be tried *in absentia* if he is absent without cause when the trial is scheduled to begin or if the defendant absconds without cause after the trial commences. ***Id.*** (citing ***Commonwealth v. Wilson***, 712 A.2d 735, 737 (Pa. 1998)).

Upon review of the certified record and applicable law, we again adopt the well-reasoned analysis of the trial court in disposing of these claims:

> A defendant's absence without cause does not preclude proceeding with the trial. Pa.R.Crim.P. 602(A).[4] The Appellant gave an opening statement and, as the Commonwealth started to call its first witness, requested a recess on a pretextual need to use the restroom. Trial Transcript, pp. 32–34. A colloquy conducted at the conclusion of the recess established that [Appellant] had instead left the Courthouse with his briefcase (and all of his trial materials except for a note pad), that he was seen speaking with someone in a van, and that he had not reentered the Courthouse. *Id.*, pp. 34–38. He was located by police a week later in another county, and determined at his seventy-two hour detention hearing to have been a fugitive. Order of May 29, 2014. His absence was thus without cause, and he thereby knowingly and voluntarily waived his right to be present at his trial. *See Commonwealth v. Wilson*, 551 Pa. 593,

---

[4] Pa.R.Crim.P. 602(A) provides, in relevant part, as follows:

The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

712 A.2d 735 (1998) [("When a defendant is initially present at the time the trial commences, then flees or fails to attend further proceedings, he or she is deemed to have knowingly and voluntarily waived his or her right to be present.")].

The additional absence of standby counsel is more problematic, as the Appellant was thus left without representation. *Cf. Commonwealth v. Ford*, 715 A.2d 1141 (Pa.Super. 1998). Mr. Ford had been tried *in absentia* and without representation when his counsel was permitted to withdraw prior to the start of trial. The Superior Court remanded for a new trial because there had been no inquiry as to whether he was aware of his right to counsel, or whether he knowingly waived his constitutional rights.

In the instant action, in contrast, the Appellant had moved to proceed without counsel seven months before the trial, and his request was granted only after this Court conducted an extensive inquiry in accordance with Pennsylvania Rule of Criminal Procedure 121(A)(2).[5] Order of October 21, 2013; *see*

_____

[5] Pa.R.Crim.P. 121 provides, in relevant part, as follows:

**(A) Generally.**

(1) The defendant may waive the right to be represented by counsel.

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

*(Footnote Continued Next Page)*

*also* Order of May 2, 2014 (giving the Appellant further opportunity for the appointment of counsel to represent him, gratis). In granting his motion, the Court *sua sponte* appointed standby counsel, who, because he played only an advisory role, was permitted to leave the courtroom when the Appellant failed to return from the fifteen minute recess. He could not be saddled with representing a defendant who had absconded from trial. *Cf. McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S. Ct. 944, 953, 79 L.Ed.2d 122 (1984)("[A] defendant does not have a constitutional right to choreograph special appearances by counsel."). The trial having already been delayed eight months, and with a jury empaneled and opening statements completed, this [c]ourt would not allow the self-represented Appellant to postpone his trial indefinitely by fleeing. *See Wilson*, *supra* (the factors are varied that a trial court may weigh in exercising its discretion on whether to try a defendant *in absentia*); *Commonwealth v. Hill*, 737 A.2d 255, 259 (Pa.Super. 1999).

Trial Court Opinion, 12/5/14, at 4–6.

*(Footnote Continued)* ───────────────

> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Here, the notes of testimony support the trial court's findings. N.T., 5/20/14, at 34–38. Thus, we conclude that Appellant's "voluntary fugitive status acted as a knowing and understanding waiver of his right to be present" at trial. *Taylor v. United States*, 414 U.S. 17, 20 (1973). Moreover, we agree with the trial court that standby counsel's role was "to aid [Appellant] in explaining to him the courtroom procedures and the rules of evidence and the like." N.T., 5/20/14, at 40. Given Appellant's voluntary absence, "there [was] really no reason to hold [standby counsel] up any longer either." *Id.* at 37. Accordingly, we discern no error in the trial court's decisions to conduct Appellant's trial *in absentia* and to dismiss standby counsel.

In sum, Appellant's IAC claims are deferred to collateral review. His claims of trial court error lack merit. Hence, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/1/2015

- 8 -