J-S02026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES GOLDEN | |
| Appellant | No. 143 EDA 2015 |

Appeal from the PCRA Order September 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0707601-2000

BEFORE:  SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                **FILED JANUARY 20, 2016**

James Golden appeals from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On July 23, 2009, Golden pled guilty to escape[1] and was sentenced to 3-23 months' incarceration, plus 4 years of probation with immediate parole. On the same day, the court found Golden in technical violation of his probation on a sentence imposed in 2001 for theft by receiving stolen property (RSP)[2] and alteration/destruction of VIN.[3]  As a result, the court

---

[1] 18 Pa.C.S. § 5121.

[2] 18 Pa.C.S. § 3925(A).

[3] 18 Pa.C.S. § 1.4(A).

terminated his parole and revoked his probation on those sentences and ordered him to serve an aggregate sentence of 7-14 years' incarceration. At his violation of probation (VOP) hearing, Golden was represented by Mary Maran, Esquire, who appeared on behalf of Golden's privately-retained trial attorney, Jack McMahon, Esquire (Attorney McMahon/counsel).[4]

On July 29, 2009, Attorney McMahon filed a motion for reconsideration of Golden's VOP sentence. The motion was denied without a hearing. On August 14, 2009, counsel filed a notice of appeal from Golden's VOP sentence. However, on September 18, 2009, counsel filed a petition, in the Superior Court, to withdraw as appellate counsel. In his petition, Attorney McMahon stated that he was privately hired to represent Golden in the trial court only, that he believes Golden is indigent and may qualify for court-appointed counsel, and that he has informed Golden of his intent to withdraw as his counsel "due to [Golden's] failure to pay for counsel on appeal." Petition to Withdraw as Counsel, 9/18/09.

On October 8, 2009, this Court granted counsel's motion and directed the trial court to determine Golden's eligibility for court-appointed counsel within 60 days. On October 17, 2009, Golden moved the court to appoint an attorney to represent him on appeal due to counsel's withdrawal. In his motion, Golden stated that he was not presently employed, that he had not

---

[4] Golden was found to have violated his probation on two prior occasions, in 2005 and 2007.

received any income in the past twelve months, and that he did not have any checking or savings accounts. On December 11, 2009, the trial court held a hearing and determined that Golden was not eligible for either court-appointed counsel or an attorney from the public defender's office. The court ordered Golden to notify the Superior Court, within 20 days of the date of its decision as to whether he intended to retain new counsel or represent himself on his pending appeal.

On December 24, 2009, Golden filed a *pro se* motion for appointment of counsel which the trial court denied, without prejudice, to apply to the trial court for *in forma pauperis* status and/or appointment of counsel. The court also ordered that Golden either proceed *pro se* unless or until he retained private counsel or the trial court appointed counsel to represent him. On February 16, 2010, the court ordered that Golden, *pro se*, file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal no later than March 19, 2010. Golden filed a motion for an extension within which to file his Rule 1925(b) statement which the court granted. On March 11, 2010, Golden filed his *pro se* Rule 1925(b) statement raising the issue that Attorney McMahon did not represent him at his VOP hearing, but, rather had another attorney who was unfamiliar with the case advocate on Golden's behalf. Golden alleged that VOP counsel "failed to argue any and all elements during [his] VOP [hearing] . . . and failed to object to any and all remarks made against appellant by the District Attorney[.]" Defendant's *Pro Se* Rule 1925(b) Statement, 3/11/10, at 2. The trial court authored a Rule

- 3 -

1925(a) opinion on June 30, 2010. When Golden failed to file an appellate brief, this Court quashed his appeal. *See Commonwealth v. Golden*, 2391 EDA 2009 (September 30, 2010) (unpublished memorandum).

On July 21, 2011, Golden filed the instant, timely *pro se* PCRA petition alleging that Attorney McMahon was ineffective for failing to file an appellate brief to the Superior Court in his direct appeal and that he was sentenced to an illegal sentence for RSP. PCRA Counsel was appointed[5] and filed an amended petition on his behalf claiming that Golden was abandoned by counsel on appeal and that the court failed to appoint him counsel. PCRA counsel requested that Golden's appeal rights either be reinstated *nunc pro tunc* or that the court remand this case to the trial court for an evidentiary hearing under the PCRA. On July 11, 2011, the court issued notice of its intent to dismiss Golden's petition pursuant to Pa.R.Crim.P. 907. On July 18, 2014, Golden filed a *pro se* response to the Rule 907 notice. On September 18, 2014, the PCRA court dismissed Golden's petition. This appeal follows.

On appeal, Golden presents the following issues for our consideration:

(1) Whether the judge was in error in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

_____

[5] *See* Pa.R.Crim.P. 904.

- 4 -

(2) Whether the judge was in error in not granting relief on the PCRA petition alleging counsel was ineffective.[6]

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012). Moreover, a court may dispose of a PCRA petition without a hearing "when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law." Pa.R.Crim.P. 907(2).

Essentially, Golden claims that counsel was ineffective for abandoning him on appeal where "prior counsel had no reasonable basis for failing to take the necessary actions to protect [him], and [he] was prejudiced as a result." Appellant's Brief, at 17. Specifically, Golden takes issue with the fact that the PCRA court dismissed his petition, based on this ineffectiveness claim, without holding a hearing.

We first note that with respect to claims of ineffective assistance of counsel, we begin with the presumption that counsel is effective. **Commonwealth v. Spotz**, 47 A.3d 63, 76 (Pa. 2012). To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a

_____

[6] We have consolidated these two issues on appeal as they both involve the same underlying claim regarding counsel's effectiveness and whether the claim warrants a PCRA hearing.

- 5 -

preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction. *Id.* (citation omitted).

Pursuant to Pa.R.Crim.P. 120(B):

(1)    Counsel for a defendant may not withdraw his or her appearance except by leave of court.

(2)    A motion to withdraw shall be:

(a)    filed with the clerk of courts, and a copy concurrently served on the attorney for the Commonwealth and the defendant; or

(b)    made orally on the record in open court in the presence of the defendant.

(3)    Upon granting leave to withdraw, the court shall determine whether new counsel is entering an appearance, new counsel is being appointed to represent the defendant, or the defendant is proceeding without counsel.

Pa.R.Crim.P. 120(B).    Moreover, counsel's obligation to represent the defendant, whether as retained or appointed counsel, remains until leave to withdraw is granted by the court. *Commonwealth v. Librizzi*, 810 A.2d 692 (Pa. Super. 2002).

Under the Rules of Professional Conduct, "a lawyer may withdraw from representing a client" if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Pa.R.P.C. 1.16(b)(5).    *See* Explanatory Comment [8] to Rule 1.16 (stating that subsection (b)(5) applies in situations where client does not abide by

agreement concerning fees).  Moreover, in *Commonwealth v. Ford*, 715 A.2d 1141, 1145 (Pa. Super. 1998), our Court stated:

> There is no bright line rule governing when a trial court abuses its discretion in ruling on a petition to withdraw as counsel. *See Commonwealth v. Sweeney*, [] 533 A.2d 473, 481 (Pa. Super. 1987). Rather, a court must weigh the interests of the client in a fair adjudication, the interests of the Commonwealth in efficient administration of justice, and the interests of the attorney seeking withdrawal. *See id.* Therefore, "resolution of the problem turns upon a case by case analysis with particular attention to the reasons given by the trial court at the time the request for withdrawal is denied." *Id.*
>
> It is certainly true that counsel may seek to withdraw from representation for a variety of reasons, from ethical to financial. *See Commonwealth v. Keys* [] 580 A.2d 386, 387 (Pa. Super. 1990). This is not to say, however, that every time withdrawal is permissible from the attorney's perspective that the Court must allow it. As indicated by the *Sweeney* standard, the interests of the Commonwealth and the client must be considered before withdrawal is proper.

*Id.* at 1145.  *See also Commonwealth v. Roman*, 549 A.2d 1320, 1321 (Pa. Super. 1988) ("There are no prophylactic rules which exist when determining whether a denial or withdrawal amounts to an abuse of discretion[;] [e]ach case must be determined by balancing the competing interests giving due regard to the facts presented.").

Critically and necessarily, in the instant case Attorney McMahon filed a formal motion to withdraw his appearance with this Court and also notified Golden of his intent to withdraw.  *Ford*, *supra* (before attorney is permitted to withdraw trial court must be served notice of intention to withdraw).  *See Commonwealth v. Worthy*, 446 A.2d 1327 (Pa. Super. 1982);

*Commonwealth v. Liska*, 380 A.2d 1303 (Pa. Super. 1977). McMahon was granted leave to withdraw as counsel of record, Pa.R.A.P. 120(B)(1), but only after he ensured Golden's appellate rights were preserved.

First, and foremost, we note that in accordance with Golden's express wishes, counsel preserved Golden's appeal rights by filing a timely notice of appeal on his behalf. **Compare Keys**, **supra** (where counsel did not seek allowance by court to formally withdraw prior to expiration of appeal period and where appellant's *pro se* attempt to perfect direct appeal resulted in quashal of appeal, procedural default resulted in appellant's appeal rights to be reinstated) **with Sweeney**, **supra** (court noted that counsel's preparation of notice of appeal for defendant minimized any prejudice resulting from his subsequent withdrawal). **See** Pa.R.P.C. 1.16 (lawyer may withdraw from representing client if withdrawal can be accomplished without material adverse effect on interests of client).

Moreover, on December 11, 2009, the trial court held a hearing on the issue as to whether Golden was entitled to court-appointed counsel. At the hearing, Golden testified that his family had helped him pay counsel's fees. N.T. Hearing, 12/11/09, at 9. However, Golden testified that neither he nor his family had money for a lawyer to represent him on appeal from his probation violation sentence. **Id.** at 8.

Instantly, we conclude that the trial court's decision is supported in the record. Where financial concerns legitimately forced privately-retained trial counsel to withdraw, **see Sweeney**, **supra**, and where counsel protected

Golden's appellate rights and informed him in advance of his intent to withdraw, we do not find the court's order granting counsel's motion to withdraw was an abuse of discretion. *Ford*, *supra*; *Commonwealth v. Scheps*, 523 A.2d 363 (Pa. Super 1987). Having determined that counsel did not abandon Golden on appeal, the underlying claim of ineffectiveness is meritless. *Spotz*, *supra*. Accordingly, the court properly denied Golden's petition without a hearing. Pa.R.Crim.P. 907(2).

Order affirmed.[7]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016

---

[7] We also note that Golden's October 17, 2009 motion asking the court to appoint an attorney to represent him on appeal due to counsel's withdrawal could be construed as an implicit discharge of Attorney McMahon from further representation. *See Sweeney*, *supra* at 479 (where defendant could no longer afford privately retained counsel for appeal and where defendant requested the trial court appoint him appellate counsel knowing that counsel was aware that defendant's family could no longer retain counsel, such actions amounted to an implied acquiescence of counsel's withdrawal).