J-S68026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARKQUIS LATEE PETERSON | |
| Appellant | No. 101 WDA 2016 |

Appeal from the Judgment of Sentence dated December 2, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011663-2015

BEFORE:  SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:              **FILED NOVEMBER 22, 2016**

Appellant, Markquis Latee Peterson, appeals from the judgment of sentence imposed after the trial court convicted him of unlawful possession of a firearm.[1]  We affirm.

On May 19, 2015, Corporal Jeffrey Luptak of the Homestead Police Department was on patrol in the 100 block of 16th Avenue in Homestead Borough, Allegheny County, when he noticed Appellant walking down the street.  N.T., 9/28/15, at 50-52, 62.  Corporal Luptak knew that an arrest warrant had been issued for Appellant due to a probation violation on an

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105.

unrelated case. *Id.* at 52.[2] Corporal Luptak drove by Appellant and radioed other units that he had observed Appellant. *Id.* Corporal Luptak then exited his police vehicle and "called for" Appellant, who immediately ran across the street and into the front yard of an abandoned and boarded-up residence. *Id.* at 53, 57, 74. Corporal Luptak chased Appellant, who ran along the right side of the yard and behind a bush. *Id.* at 57, 72. A chain link fence separated the residence from the neighboring property. *Id.* As Appellant disappeared behind the bush, Corporal Luptak heard a sound that he described as similar to an "aluminum bat against the fence, that metallic type sound on the fence." *Id.* at 58. Appellant then emerged from behind the bush and went to the front porch of the residence. *Id.* At that time, Appellant was taken into custody without further incident. *Id.*

Shortly after Appellant's arrest, Corporal Luptak went to the area where he had heard the "metallic type sound" and recovered a firearm from behind the bush near the metal fence where Appellant had attempted to hide. N.T., 9/28/15, at 58-60, 65, 74. The firearm had no rust and was dry, fully operational, loaded, and leaning against the chain link fence. *Id.* at 45, 60, 74; Commonwealth's Exhibit 1. According to Corporal Luptak,

---

[2] There is no dispute that based on this warrant, Appellant was a fugitive at the time of his arrest. *See* N.T., 9/28/15, at 52; Appellant's Brief at 7. Appellant does not contest the authenticity of this warrant or his fugitive status. *See* Appellant's Brief at 4, 7.

there "[d]idn't seem to be any attempt to conceal [the firearm] in any way." *Id.* at 74.

Appellant was charged with unlawful possession of a firearm, and following a bench trial, was sentenced to 11½ to 23 months' incarceration. Appellant filed this appeal, in which he presents the following issue for our review:

> DID THE COMMONWEALTH PRESENT INSUFFICIENT EVIDENCE TO PROVE THAT [APPELLANT] HAD ACTUAL, OR CONSTRUCTIVE POSSESSION OF THE FIREARM FOUND ON THE GROUND ON ABANDONED PROPERTY?

Appellant's Brief at 4.

The standard this Court applies in reviewing the sufficiency of the evidence is whether, viewing all of the evidence admitted at trial in a light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In implementing this test, this Court may not weigh the evidence and substitute its judgment for that of the fact-finder. **Commonwealth v. Rahman**, 75 A.3d 497, 501 (Pa. Super. 2013). "[W]e note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. DiStefano**, 782 A.2d 574, 582 (Pa. Super. 2001). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn

- 3 -

from the combined circumstances. ***Commonwealth v. Lehman***, 820 A.2d 766, 772 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered." ***Id.*** "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Schoff***, 911 A.2d 147, 159 (Pa. Super. 2006).

Appellant was convicted pursuant to 18 Pa.C.S. § 6105:

**(a) Offense defined.--**

> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

Appellant qualified as a person not permitted to possess firearms because his conduct met the following criteria in subsection (c) of Section 6105:

> (1) A person who is a fugitive from justice. This paragraph does not apply to an individual whose fugitive status is based upon a nonmoving or moving summary offense under Title 75 (relating to vehicles).

When, as here, contraband (in this case the firearm) is not found on the defendant's person, the Commonwealth must establish "constructive

possession" — that is, the power to control the contraband and the intent to exercise that control. *Commonwealth v. Johnson*, 26 A.3d 1078, 1093 (Pa. 2011). Constructive possession may be proven by circumstantial evidence. *See Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983) (circumstantial evidence may be used to establish a defendant's possession of drugs or contraband). The purpose of the constructive possession doctrine is to expand the scope of possession statutes to encompass those cases where actual possession at the time of arrest cannot be shown, but the inference that there has been actual possession nevertheless is strong. *Commonwealth v. Carroll*, 507 A.2d 819, 821 (Pa. 1986). Constructive possession "may be inferred from the totality of the circumstances." *Commonwealth v. Hanson*, 82 A.3d 1023, 1029 (Pa. 2013).

Instantly, the Commonwealth's theory of constructive possession was supported by the uncontradicted testimony of the only witness, Corporal Luptak, who the trial court, as fact-finder, found credible. Trial Court Opinion, 4/19/16, at 5. Specifically, Corporal Luptak's credible testimony established that he observed Appellant walking down the street in Homestead Borough and approached Appellant to address an existing warrant. N.T., 9/28/15, at 50-52, 62. As soon as Corporal Luptak called to him, Appellant fled to an area enclosed by a chain link fence. *Id.* at 53, 57, 72, 74. As Appellant attempted to hide behind a bush, Corporal Luptak

heard a sound similar to metal scraping against metal in the area of the bush. *Id.* at 58. Shortly thereafter, in the immediate area, Appellant was taken into custody. *Id.* Then Corporal Luptak found the firearm at issue in the area behind the bush near the metal fence where the corporal had heard the scraping sound. *Id.* at 58-60, 65, 74.

Relying upon ***Commonwealth v. Ford***, 715 A.2d 1141, 1144 (Pa. Super. 1998) (the fact-finder can consider flight indicative of a defendant's consciousness of guilt), the trial court "believe[d] that [Appellant's] flight from the scene was probative of the fact that [he] wanted to discard the loaded firearm." Trial Court Opinion, 4/19/16, at 6. The trial court also found that Appellant's submission to an arrest was consistent with the fact that he had discarded the firearm immediately prior to that submission. *Id.* The porch area where Appellant was arrested "was in close proximity to where the firearm was recovered." *Id.* The trial court, as fact-finder, further explained:

> The firearm was recovered from the precise area that [Appellant] occupied just prior to his arrest. The metallic sound was heard by Corporal Luptak at the time [Appellant] ran to that area. This Court also notes that the residence was vacant and that the firearm's condition was consistent with the firearm being recently left in the area where it was recovered.

*Id.* Accordingly, the trial court concluded that the Appellant possessed the firearm in question.

We conclude that this record contains sufficient evidence to support the trial court's determination, beyond a reasonable doubt, that Appellant, a

fugitive from justice, illegally possessed the firearm, and therefore violated 18 Pa.C.S. § 6105(a).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016