**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Anita BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.

Filed April 14, 2003.

John Packel, Public Defender, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: HUDOCK, TODD, and OLSZEWSKI, JJ.

OLSZEWSKI, J.

¶ 1 Appellant appeals from the judgment of sentence entered against her in this matter on March 13, 2001. On that date, she was sentenced to eight (8) to twenty-

three (23) months' incarceration, to be served on house arrest, followed by five (5) years' probation for the convictions of aggravated assault and simple assault.[1]

¶ 2 The facts of the case as stated by the trial court are as follows:

At approximately 9:00 A.M. on March 6, 2000, the defendant came to the Hackett Elementary School, and proceeded to the second grade classroom of her son Russell Young. Her son was not present in the classroom at that time. Upon reaching the classroom, the defendant entered unannounced. She approached Michelle Shields, her son's teacher, and waived a paper an inch from Ms. Shield's face. The paper was a report she had received concerning her son. The defendant threatened Ms. Shields. She stated "you're not going to fail my son. You're not going to fail my son, I want you. I want you, though."

Ms. Shields felt threatened and feared for her life. She asked the defendant to leave the room but the defendant refused to comply. Proceeding toward the door, Ms. Shields picked up the house phone and asked the school secretary for help. Thereafter, both Ms. Shields and the defendant walked from the classroom into a small alcove between the classroom and the hallway. The defendant pushed Ms. Shields in the chest with an open palm, shoving her against the alcove. The defendant threatened, "I will kill you, you blue-eyed bitch." Ms. Shields attempted to get back to the classroom to close the door. Before Ms. Shields was able to close the door, however, the defendant put her finger inside the room and pointed at the students, all between seven and eight years of age, stating "I'll kill all those little mother fuckers too."

Although Ms. Shields was then able to shut the door, the defendant continued to threaten her stating, "you better close that door because I live in this neighborhood and I will get you." By this time the young students were terrified. Finally, the defendant left the classroom area. Ms. Shields was not injured.

Trial Court Opinion, 5/13/02, at 2.

¶ 3 On appeal, appellant raises the following issue:

Was not the evidence insufficient as a matter of law to sustain the convictions for aggravated assault as a felony in the second degree (assault against a school teacher) and simple assault, where the evidence failed to prove either that appellant specifically intended to cause bodily injury or that she in fact caused such injury, where, in a confrontation with her son's teacher, she pushed the teacher in the chest one time.

Brief of Appellant at 3.

¶ 4 When reviewing a sufficiency of the evidence claim, the court is required to view the evidence in the light most favorable to the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Chambers*, 528 Pa. 558, 599 A.2d 630 (1991).

¶ 5 Appellant was charged and convicted of aggravated assault, 18 Pa.C.S. 2702(a)(5), and simple assault, 18 Pa.C.S. 2701. Aggravated assault is defined as:

¶ 6 A person is guilty of aggravated assault if he:

(5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including a student employee, of any elementary or

---

1. Appellant was further convicted and sentenced for disorderly conduct and terroristic threats. These convictions are not at issue on appeal.

secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school.

18 Pa.C.S. 2702(a)(5).

 ¶ 7 The Commonwealth, in sustaining an aggravated assault conviction, need only show the defendant attempted to cause serious bodily injury to another, not that serious bodily injury actually occurred. *Commonwealth v. Elrod,* 392 Pa.Super. 274, 572 A.2d 1229 (1990).

¶ 8 In the instant case, the Commonwealth showed that appellant entered the classroom unannounced, yelling threats at Ms. Shields. Further, she pushed Ms. Shields, who then ran back into the classroom and attempted to close the door. Appellant continued yelling threats stating that she was going to kill Ms. Shields and kill the students as well, and she was trying to get through the door as Ms. Shields was attempting to close it. Ms. Shields was finally able to close the door; a short time later, appellant was taken into custody. Although Ms. Shields was not injured, it is apparent that had Ms. Shields not escaped from appellant, she would have been. Appellant's actions coupled with the threats are enough to find that she was attempting to cause bodily harm to Ms. Shields. Therefore, appellant's conviction for aggravated assault must stand.

¶ 9 Appellant also argues that there was insufficient evidence to convict her of simple assault, 18 Pa.C.S. 2701. Simple assault is defined as:

¶ 10 A person is guilty of simple assault if he:

(1) attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another;

¶ 11 For the same reasons that we found sufficient evidence to find appellant guilty of aggravated assault, we also find that the evidence was sufficient to find appellant guilty of simple assault. Therefore, appellant's conviction for simple assault stands.

¶ 12 Appellant's issues fail, and the judgment of sentence stands.

¶ 13 Judgment of sentence AFFIRMED.