J-S50040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TYREEK WILSON | |
| Appellant | No. 3079 EDA 2015 |

Appeal from the Judgment of Sentence September 17, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014996-2013

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                **FILED SEPTEMBER 08, 2017**

Appellant, Tyreek Wilson, appeals from the judgment of sentence of twenty-two to forty-four years of incarceration, imposed September 17, 2015, following a jury trial resulting in his conviction for robbery, attempted burglary, recklessly endangering another person, and simple assault.[1]  We affirm.

On November 15, 2013, at 7:00 p.m., Mary Ellen Kelly went to Holly Turner's apartment at 29th Street and Girard Avenue in Philadelphia, Pennsylvania.  *See* Notes of Testimony (N.T.), 6/9/15, at 55-58, 67, 101-103.  Ms. Kelly rang the buzzer for Ms. Turner's apartment.  *Id.* at 103.  Ms. Turner, who was using crutches as a result of a broken foot, unlocked the

_____

[1] *See* 18 Pa.C.S. §§ 3701, 901, 2705, 2701, respectively.

inner vestibule door and the outside door of the apartment building. *Id.* at 57-58, 103-04. Appellant was standing a few feet behind Ms. Kelly. *Id.* at 62-63, 103-08. As she entered the vestibule, Appellant pushed his way in behind her. *Id.* at 63, 103-04, 110-11. The two women attempted to push Appellant out while he tried to force his way into the apartment proper. *Id.* at 63, 68-71, 104, 110-11. Ms. Turner kicked the apartment door shut while screaming for help. *Id.* at 69-72, 104, 113-14. During the struggle, both women were able to see Appellant's face; Ms. Kelly noted he was wearing a black coat with a brand tag reading "Zero." *Id.* at 125.

Appellant punched Ms. Kelly in the face and body, pulled her hair and her scarf, and shoved her against the wall. *Id.* at 64, 73, 115-16. Ms. Kelly screamed and fell to the ground while Appellant kicked her. *Id.* at 64, 72-73, 104, 115-17. Ms. Turner kicked Appellant in the groin. *Id.* at 64, 118. Appellant grabbed Ms. Kelly by the hair and dragged her three to four feet from the vestibule. *Id.* at 64, 121-23. The cross-body bag she was wearing snapped, and Appellant fled with the purse northbound on 30th Street. *Id.* at 77, 104, 123; N.T., 6/10/15, at 19-20. During the struggle, Appellant dropped his phone. *Id.* at 77.

Ms. Turner's neighbors arrived on the scene and told her they had called 911; Ms. Turner spoke to the dispatcher and gave a description of Appellant. *See* N.T., 6/9/15, at 76-77, 125-26. An unmarked police car arrived within a few minutes: Ms. Kelly got in the car with officers, and Ms. Turner remained at the apartment and picked up Appellant's phone. *Id.* at

77; N.T., 6/10/15, at 19-20, 23-24, 49-51. Ms. Kelly had an iPhone with a tracking application installed on it, so the police were able to follow Appellant's location. *See* N.T., 6/9/15, at 125-26; N.T., 6/10/15, at 24. Based on Appellant's westbound trajectory on Girard Avenue, officers concluded Appellant was on a trolley. *See* N.T., 6/9/15, at 128-29; N.T., 6/10/15, at 24-25.

Officers stopped two trolleys at 34th Street and Girard Avenue; on the second trolley, Ms. Kelly identified Appellant as the assailant. *See* N.T., 6/9/15, at 129-131; N.T., 6/10/15, at 25-26. Officers recovered Ms. Kelly's iPhone from Appellant, who was then arrested. *Id.* As a result of the assault, Ms. Kelly suffered a burn across the neck due to Appellant's pulling the bag; a black eye; and bruises on her arms and legs. *See* N.T., 6/9/15, at 134; N.T., 6/10/15, at 61-62. Police officers obtained a search warrant for Appellant's phone, which was logged into his Facebook account. *See* N.T., 6/10/15, at 65-70.

Prior to trial, Appellant cut the strap of his electronic monitoring bracelet and fled; a bench warrant was issued for his arrest. *See* N.T., 6/8/15, at 20-22, 25-26; N.T., 6/9/15, at 13-20, 26; N.T., 6/10/15, at 104-08, 114-133, 135-39. Appellant was subsequently tried in absentia. *See* N.T., 6/8/15, at 4, 21-22, 25-26; N.T., 6/9/15, at 13-20, 26. After the jury found Appellant guilty on all charges, Appellant was sentenced in absentia to twenty-two to forty-four years of incarceration. *See* N.T., 6/11/15, at 116-18; N.T., 9/17/15, at 4-6.

On September 22, 2015, while Appellant was still a fugitive, counsel filed a post-sentence motion on his behalf, which the court denied. On October 8, 2015, counsel filed a notice of appeal on Appellant's behalf, again, while he was still a fugitive. Appellant was taken into custody on new charges in October 2015. Following a bench warrant hearing on October 16, 2015, three days prior to the thirty-day appeal period running,[2] the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Instead, Appellant filed a second post-sentence motion. Appellant was allowed the opportunity for allocution, but the court denied his motion for reconsideration. Appellant filed two Pa.R.A.P. 1925(b) statements. The trial court issued a responsive opinion.

On appeal, Appellant raises two issues for our review:

A. Appellant was erroneously convicted of simple assault as to the complainant Holly Turner as there was insufficient evidence that he either attempted to cause her bodily injury or attempted by physical menace to put her in fear of imminent serious bodily injury.

B. The lower court violated the sentencing code by imposing an excessive and disproportionate sentence of twenty-two to forty-four years' incarceration, comprised of consecutive statutory maximum sentences on each charge, and by failing to state any reasons for the sentence or for exceeding the sentencing guidelines.

Appellant's Brief at i-ii (unnecessary capitalization omitted).

_____

[2] Appellant was sentenced on September 17, 2015. Thirty days from that date was October 17, 2015, a Saturday. Thus, the time period for appeal ran October 19, 2015. *See* Pa.R.A.P. 903; 1 Pa.C.S. § 1908.

Prior to addressing Appellant's claims we must first determine whether we have jurisdiction to hear the instant appeal. Regarding a fugitive's appellate rights, our Supreme Court has stated that

> a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return; if time for filing has elapsed, he may not file; if it has not, he may.

*Commonwealth v. Doty*, 997 A.2d 1184, 1187 (Pa. Super. 2010) (quoting *Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997)). On direct appeal, therefore, a defendant's status during the 30-day appeal period controls whether an appellate court will hear his appeal. *Id.* at 1188. In the instant matter, Appellant was returned to the custody of the court three days before the appeal period ran. During that time, counsel preserved his appellate rights. Accordingly, we decline to find that Appellant waived his appellate rights due to flight. *Id.* at 1187-88; *see also Deemer*, 705 A.2d at 829 (holding that if a fugitive returns before the appeal deadline, he regains the appellate right and may, therefore, file a timely appeal).

Thus, because Appellant was returned to custody prior to the expiration of the thirty-day time period, we will deem his appeal timely filed. *See*, *e.g.*, *Deemer*, 705 A.2d at 829. However, because the time to file post-sentence motions had long expired by the time he was returned to custody, he has waived any issues raised therein. *See Deemer*, 705 A.2d at 829; *Doty*, 997 A.2d at 1187. Accordingly, Appellant's challenge to the discretionary aspects of his sentence is waived. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (noting Appellant must

preserve a challenge to the discretionary aspects of his sentence in a timely post sentence motion); *see also* Pa.R.A.P. 2119(f).

We turn now to the sole issue Appellant has preserved for appeal. Appellant claims that the evidence was insufficient to support his conviction for simple assault. *See* Appellant's Brief at 14. He contends that because Ms. Turner did not suffer an impairment of her physical condition or substantial pain, and because the evidence did not establish that Appellant specifically intended to cause Ms. Turner injury, the Commonwealth failed to prove all elements of the crime beyond a reasonable doubt. *Id.*

We review a challenge to the sufficiency of the evidence as follows.

> In determining whether there was sufficient evidentiary support for a jury's finding [], the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as a verdict winner, are sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt. The court bears in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

*Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008) (citations omitted).

The elements of simple assault are defined, in relevant part, as follows:

(a) Offense defined.-- Except as provided under section 2702 (related to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; . . .

(3) attempts by physical menace to put another in fear of imminent serious bodily injury . . .

*See* 18 Pa.C.S. § 2701. "Bodily injury" is defined by the crimes code as "impairment of physical condition or substantial pain." *See* 18 Pa.C.S. § 2301. "The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." *Commonwealth v. Richardson*, 636 A.2d 1195, 1196 (Pa. Super. 1994).

We have previously observed that

in considering the spectrum of assaultive behavior, convictions for simple assault have been upheld where the behavior is more clearly criminal. *See, e.g., Commonwealth v. Jorgenson*, 341 Pa.Super. 550, 492 A.2d 2 (1985) (affirming conviction for simple assault where victim was struck twice across the face while refusing sexual advances); *Commonwealth v. Adams*, 333 Pa.Super. 312, 482 A.2d 583 (1984) (affirming conviction for simple assault where victim was struck in the head with an object hard enough to almost knock her unconscious); *Commonwealth v. Richardson*, 431 Pa.Super. 496, 636 A.2d 1195 (1994) (affirming conviction for simple assault for punching police officer in the face).

*In re M.H.*, 758 A.2d 1249, 1252 (Pa. Super. 2000) (finding evidence sufficient to support simple assault for grabbing the victim's arm and pushing her against a wall, resulting in bruises).

Here, the evidence was sufficient to sustain Appellant's conviction. Although Ms. Turner was not injured, Appellant pushed her during an attempt to force his way into her home and in the process of committing a robbery. Had his attention not been distracted by Ms. Kelly, who was injured, it is likely that Ms. Turner would have been injured as well; the circumstances reasonably suggest that Appellant intended to cause injury to Ms. Turner. *See*, *e.g.*, *Commonwealth v. Brown*, 822 A.2d 83, 84 (Pa. Super. 2003) (finding evidence sufficient to support conviction for simple assault where parent entered classroom unannounced, yelled threats at teacher, and pushed teacher, who was able to escape by closing a door and would have likely suffered injury but for her escape); *cf. In re J.L.*, 475 A.2d 156, 157-58 (Pa. Super. 1984) (finding insufficient evidence of simple assault where sixteen-year-old defendant pushed two-year-old nephew with elbow during interfamilial dispute and nephew neither cried nor sustained any injury). Accordingly, the evidence was sufficient to sustain Appellant's conviction for simple assault in that the circumstances reasonably suggest that Appellant intended to cause injury to Ms. Turner. *See Diggs*, 949 A.2d at 877; *Richardson*, 636 A.2d at 1196.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/8/2017</u>